SOUTHWESTERN BELL MOBILE
SYSTEMS, INC., Petitioner,

v.

Odilia FRANCO and Patricia
Mendez, Respondents.

No. 97–0989.

Supreme Court of Texas.

June 5, 1998.

Kathryn F. Green, Corpus Christi, for Petitioner.

Michael S. Quinn, Austin, for Respondents.

## PER CURIAM.

Is wrongful termination of employment so extreme and outrageous that, without more, it will support a jury finding of intentional infliction of emotional distress? The court of appeals held that it is.[1] It is not. Furthermore, the respondents' punitive damages cannot stand without the intentional-infliction claim. But, the court of appeals' judgment is correct to the extent that it affirmed the trial court's order reinstating Odilia Franco. Further, there is no error in that portion of the judgment reversing and remanding the trial court's order of attorney's fees for Franco. We reverse, however, as to Patricia Mendez's attorney's fees and hold that Mendez may not recover such fees. Consequently, we reverse in part and affirm in part the court of appeals' judgment.

The Corpus Christi branch of Southwestern Bell Mobile Systems employed Franco and Mendez as customer service representatives. In May 1990, Southwestern Bell fired Franco for numerous absences and poor job performance. At that time, Franco informed Southwestern Bell Vice President John Brantley that the director of operations had made unwelcome sexual comments to her and to other female employees. Franco, Mendez, and several other women participated in the ensuing investigation, which resulted in Southwestern Bell firing the director of operations. Southwestern Bell rehired Franco on a probationary basis and amended her employment file to read that sexual harassment caused her absenteeism.

In November 1990, Southwestern Bell fired Franco and Mendez for allegedly misappropriating air-time credit certificates and defrauding Southwestern Bell. Southwestern Bell Director of Finance Joe Villarreal met with each woman to inform her of her termination and the reasons for it. Franco and Mendez subsequently filed charges of unlawful discrimination with the Corpus Christi Human Relations Commission, an arm of the Texas Commission for Human Rights (TCHR).

Franco and Mendez sued Southwestern Bell, alleging retaliatory discharge, intentional infliction of emotional distress, and defamation. After receiving TCHR permission to sue for civil rights violations, Franco filed a second suit alleging unlawful discrimination and seeking reinstatement. The two suits were consolidated for trial. The jury found no defamation but did find that retaliatory discharge occurred, although it awarded no damages on that claim. The jury found for and awarded Franco $25,500 and Mendez $20,000 in damages for intentional infliction of emotional distress. Also, the jury awarded Franco $20,000 and Mendez $25,500 in punitive damages.

Franco and Mendez filed multiple post-verdict motions, including one asking for equitable relief in the form of reinstatement or rehiring, and one seeking attorney's fees under section 21.259 of the Texas Labor Code, which allows a plaintiff who successfully alleges an unlawful employment practice to collect attorney's fees. Southwestern Bell, in turn, moved for a judgment notwithstanding the verdict.

The trial court rendered judgment ordering that Franco and Mendez each recover $68,250 plus $22,750 in attorney's fees. It is unclear why the trial court ordered that each

1. 951 S.W.2d 218.

plaintiff recover $68,250 in damages when the jury awarded each of them only $45,500. It appears that the trial court may have included attorney's fees twice. The trial court also ordered Southwestern Bell to reinstate Franco as a collection representative. Southwestern Bell appealed the finding of intentional infliction of emotional distress, the award of attorney's fees, and Franco's reinstatement. The court of appeals affirmed Franco's reinstatement and the award of actual and punitive damages to both Franco and Mendez based on intentional infliction of emotional distress.[2] The court of appeals also held that, although an award of attorney's fees was proper in this case, Franco and Mendez had not properly proven the fees.[3] The court of appeals remanded for proof supporting the fees.[4]

■ We turn first to Southwestern Bell's argument that no evidence supports the award for intentional infliction of emotional distress. To recover for the tort of intentional infliction of emotional distress, a plaintiff must prove that: (1) the defendant acted intentionally or recklessly; (2) the conduct was "extreme and outrageous"; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe.[5] We are here concerned with the second element, which requires that the conduct be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."[6]

■ Southwestern Bell argues that the evidence was legally insufficient because Franco and Mendez produced no evidence of extreme or outrageous conduct. In reviewing "no evidence" points of error, we must consider the evidence and draw all inferences in the light most favorable to the verdict.[7] If the evidence is legally sufficient when viewed in this light, then we may not reverse the trial court's judgment.[8]

■ Franco and Mendez rely mainly upon their evidence that they were fired in retaliation for reporting sexual harassment. However, the mere fact of termination of employment, even if the termination is wrongful, is not legally sufficient evidence that the employer's conduct was extreme and outrageous under the rigorous standard that we established in *Twyman*.[9]

Perhaps recognizing that termination alone is insufficient evidence, Franco and Mendez also attempted to prove that Southwestern Bell's agents behaved in an extreme and outrageous manner during the termination. Specifically, Franco and Mendez produced evidence that Southwestern Bell fired them in the unnecessary presence of coworkers, forced them to collect and remove their belongings in front of others, and immediately took steps to repossess car phones that Southwestern Bell owned. This evidence falls far short of being legally sufficient to prove that Southwestern Bell's conduct was extreme and outrageous.[10]

■ No evidence supports the jury finding of intentional infliction of emotional distress,

---

2. *Id.* at 225, 226, 229.

3. *Id.* at 226–27.

4. *Id.*

5. *See Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex.1993) (citing RESTATEMENT (SECOND) OF TORTS § 46, cmt. d.).

6. *Id.*

7. *See, e.g., Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 51 & n. 1 (Tex.1997).

8. *See, e.g., Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 24 (Tex.1994).

9. *See Diamond Shamrock Ref. and Mktg. Co. v. Mendez*, 844 S.W.2d 198, 202 (Tex.1992) (holding that evidence that an employer wrongfully accused an employee of thievery and fired him is legally insufficient); *Beiser v. Tomball Hosp. Auth.*, 902 S.W.2d 721, 725 (Tex.App.—Houston [1st Dist.] 1995, writ denied) (holding that termination in violation of a whistleblower statute is not in itself extreme and outrageous); *see also Prunty v. Arkansas Freightways, Inc.*, 16 F.3d 649, 654 (5th Cir.1994) ("Even though conduct may violate Title VII as sexual harassment, it does not necessarily become intentional infliction of emotional distress under Texas law.").

10. *See Wornick Co. v. Casas*, 856 S.W.2d 732, 735 (Tex.1993); *Diamond Shamrock*, 844 S.W.2d at 202.

and so the finding cannot support the judgment. Additionally, because no evidence supports the claim for which actual damages were awarded, we must reverse the punitive damages award.[11]

■ Turning to the reinstatement order, Southwestern Bell argues that the court of appeals erred in affirming the reinstatement order because Franco's pleadings did not seek reinstatement, because Franco requested reinstatement in a post-verdict hearing before the trial court, and because reinstatement would disrupt Southwestern Bell's workplace. We reject each of these as grounds for reversal. First, Franco's Original Petition alleging unlawful employment practices "requests that she reinstated [sic] with back pay retroactive to the date of her termination." Typographical errors notwithstanding, this request very clearly states a reinstatement claim. Furthermore, this pleading was not superseded merely because it was consolidated into the previously filed suit.[12]

Second, the jury found that Southwestern Bell discharged Franco and Mendez in retaliation for their complaints of sexual harassment, an unlawful employment practice under Texas Labor Code sections 21.051 and 21.055. This finding specifically empowered the trial court to prohibit such acts by injunction and to "order additional equitable relief as may be appropriate ... [including] hiring or reinstating with or without back pay."[13]

Third, although Southwestern Bell produced some evidence that Franco's return might be disruptive, other evidence indicated that Southwestern Bell was opening a new office in Corpus Christi and that Southwestern Bell's employees would be willing to try to work with Franco. When facts are disputed, we cannot conclude that the trial court abused its discretion in ordering reinstatement.

■ We now consider Southwestern Bell's final assertion: that the trial court abused its discretion in ordering attorney's fees for Franco and Mendez because the jury awarded no damages on the retaliatory discharge claim—the only claim that can support an award of attorney's fees. Southwestern Bell cites *Farrar v. Hobby*[14] for the proposition that a plaintiff who receives nominal or zero damages is not entitled to attorney's fees.

In *Farrar*, the plaintiff alleged that various state-actor defendants had violated his civil rights.[15] Although the jury agreed that the plaintiff's civil rights were violated, they found that the defendants' actions were nevertheless not a proximate cause of the plaintiff's injury.[16] The trial court entered judgment that the plaintiff take nothing, and the court of appeals remanded for entry of judgment ordering nominal damages of $1.[17] The United States Supreme Court considered whether the plaintiff was entitled to attorney's fees as a "prevailing party" due to the finding of civil-rights violations and in spite of the nominal damages.[18] The Court held that the plaintiff was within the definition of a "prevailing party," but nevertheless rejected the award of attorney's fees because the plaintiff failed to prove damages—an essential element for recovery.[19] In such a case, the Court reasoned, "the only reasonable fee is usually no fee at all."[20]

■ Franco and Mendez attempted to recover attorney's fees in this case under Texas Labor Code section 21.259, which, like its federal counterpart, gives the trial court discretion to award reasonable attorney's fees to a "prevailing party." We hold that, like the *Farrar* plaintiff, Franco and Mendez were prevailing parties within the meaning of

---

11. *See Saenz v. Fidelity & Guar. Ins. Underwriters,* 925 S.W.2d 607, 614 (Tex.1996).

12. *Cf.* Tex.R. Civ. P. 65.

13. Tex. Lab.Code § 21.258(a), (b)(1).

14. 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992).

15. *See id.* at 105–06, 113 S.Ct. 566.

16. *See id.* at 106, 113 S.Ct. 566.

17. *See id.* at 107, 113 S.Ct. 566.

18. *See id.* at 105, 113 S.Ct. 566.

19. *See id.* at 115, 113 S.Ct. 566.

20. *Id.*

section 21.259. Therefore, we must decide whether Southwestern Bell is correct in asserting that, despite Franco's and Mendez's status as prevailing parties, the jury's award of zero damages on the retaliatory discharge claim precludes an award of attorney's fees.

Southwestern Bell seems to confuse the jury's verdict with the trial court's judgment. It is the judgment, not the verdict, that we must consider in determining whether attorney's fees are proper. In *Farrar*, the Supreme Court considered a *judgment* for nominal damages of $1.[21] In this case, we consider a *judgment* that ordered reinstatement for Franco, although it did not order meaningful relief for Mendez that has not been reversed on appeal. *Farrar* speaks to the case of a "plaintiff who seeks compensatory damages but receives no more than nominal damages."[22] Mendez is such a plaintiff, and therefore should not recover attorney's fees. However, *Farrar* does not consider whether attorney's fees are proper for a plaintiff who wins a judgment awarding equitable relief, as Franco did. The award of attorney's fees to Franco was not an abuse of discretion.

Under Texas Rule of Appellate Procedure 59.1, we grant Southwestern Bell's petition for review and, without hearing oral argument, reverse the court of appeals' judgment on the claims for intentional infliction of emotional distress and for punitive damages, and render judgment that Franco and Mendez take nothing on these claims. We affirm the court of appeals' judgment on Franco's reinstatement. We also affirm the court of appeals' judgment on Franco's attorney's fees, but reverse and render judgment that Mendez not recover attorney's fees.

---

**21.** *See id.* at 107, 113 S.Ct. 566.

**22.** *Id.* at 115, 113 S.Ct. 566.