NO. 07-00-0138-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 10, 2000

______________________________

IN THE INTEREST OF A.M. AND C.W., MINOR CHILDREN

_________________________________

FROM THE 315
TH
 DISTRICT COURT OF HARRIS COUNTY;

NO. 98-03640J; HONORABLE KENT ELLIS, JUDGE

_______________________________

Before QUINN and REAVIS and JOHNSON, JJ.

Appellants Charles Ward and Dana Ward appeal from a judgment rendered by a jury involuntarily terminating their parental rights.  Specifically, Charles Ward contends there is (1) no evidence, (2) legally insufficient evidence, and (3) factually insufficient evidence to support the jury’s findings terminating his parental rights to C.W. only.  Dana Ward contends there is (1) factually and legally insufficient evidence to support termination in accordance with section 161.001(D) of the Texas Family Code, (2) factually insufficient evidence to support termination in accordance with Texas Family Code section 161.001(E), and (3) that termination of the parent-child relationship may not be based solely upon the best interests of the child for the termination of her parental rights for both minor children A.M. and C.W.  Based upon the rationale expressed herein, we affirm.

Before addressing the merits of this appeal, we first set forth the applicable facts.  Dana Ward (Dana) is the natural mother of both A.M.
(footnote: 1) and C.W.,
(footnote: 2) and Charles Ward (Charles) is the natural father of C.W. and only had parental rights to C.W.  On the morning of May 9, 1998, Dana was driving with her daughter A.M. when A.M. made an outcry statement by stating, “Mommy, daddy sucked me where I pee.”  Upon hearing this, Dana pulled her vehicle over immediately and asked A.M., “what did you say to mommy?”  A.M. repeated herself and Dana asked “did daddy touch down there?” pointing to her private area and A.M. responded “yes.”  Dana then drove to Pasadena Police Department and reported this allegation of sexual abuse.

The natural right existing between parents and their children is one of a constitutional dimension.  Holick v. Smith, 685 S.W.2d 18, 20 (Tex. 1985).  Consequently, termination proceedings must be strictly scrutinized.  In Interest of G.M., 596 S.W.2d 846, 846 (Tex. 1980).  A termination decree is complete, final, irrevocable, and divests for all time that natural right as well as all legal rights, privileges, duties, and powers with respect to each other except for the child’s right to inherit.  
Holick
, 685 S.W.2d at 20.  In proceedings to terminate the parent-child relationship brought under section 161.001 of the Family Code, the petitioner must establish one or more acts or omissions enumerated under subsection (1) of the statute, and must additionally prove that termination of the parent-child relationship is in the best interest of the child.  Tex. Fam. Code Ann. § 161.001 (Vernon Supp. 2000).  Both elements must be established, and proof of one element does not relieve the petitioner of the burden of proving the other.  
See
 Holley v. Adams, 544 S.W.2d 367, 370 (Tex. 1976).  

Because termination of parental rights is of such weight and gravity, due process requires the petitioner to justify termination by clear and convincing evidence. Tex. Fam. Code Ann. § 161.001 (Vernon Supp. 2000); 
In Interest of G.M.
, 596 S.W.2d at 847.  This standard is defined as that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth or the allegations sought to be established.  
Id.
  Although the clear and convincing burden of proof required at the trial level is well settled, appellate courts have struggled to reconcile this burden of proof with the standard for appellate review of the sufficiency of evidence.  As this Court has previously noted, the clear and convincing standard does not alter the rules generally applicable when appellate courts review factual findings.  In Interest of R.D.S., 902 S.W.2d 714, 716 (Tex.App.--Amarillo 1995, no writ). 

Standards of Review--Legal and Factual Sufficiency of the Evidence

When presented with a challenge to the legal sufficiency of the evidence, the reviewing court must consider all of the evidence in a light most favorable to the party in whose favor the finding was rendered indulging every reasonable inference in that party's favor.  Associated Indem. Corp. v. Cat Contracting, Inc., 964 S.W.2d 276, 285-86 (Tex. 1998).  If there is any evidence of probative force to support the finding, the finding must be upheld.  ACS Investors, Inc. v. McLaughlin, 943 S.W.2d 426, 430 (Tex. 1997).  In reviewing a challenge to the factual sufficiency of the evidence, the court must consider, weigh, and examine all of the evidence of record.  Plas-Tex, Inc. v. U.S. Steel Corp., 772 S.W.2d 442, 445 (Tex. 1989).  The court should only set aside a finding if the evidence which supports the finding is so weak as to be clearly wrong and manifestly unjust.  Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). 

In the present case, the trial court ordered termination under sections 161.001(1)(D) and (E).  These subsections provide for termination if the court finds by clear and convincing evidence that the parent has: 

      (D) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child;

(E) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child. 

Tex. Fam. Code Ann. § 161.001(1)(D) & (E) (Vernon Supp. 2000).

The difference between subsection (D) and subsection (E) of this is the cause of the resulting danger to the child's physical or emotional well-being.  Under subsection (D), it must be the environment which causes the child's endangerment whereas, under subsection (E), the cause of danger to the child must be the parents' conduct alone.  In Interest of S.H.A., 728 S.W.2d 73, 85 (Tex.App.--Dallas 1987, writ ref’d n.r.e.).  "Endanger" means more than a threat of injury or possible ill effects suffered as a result of a less-than-ideal family environment; however, for purposes of this statute, it is not necessary that the conduct be directed at the child or that the child actually suffer injury.  In re M.C., 917 S.W.2d 268, 269 (Tex. 1996).  It is sufficient that the child's well-being be jeopardized or exposed to loss or injury, and the specific danger to the child’s well-being may be inferred from a parent’s misconduct.  Texas Dep't of Human Servs. v. Boyd, 727 S.W.2d 531, 533 (Tex. 1987).  

The Family Code also requires that termination be in the best interest of the child.  Tex. Fam. Code Ann. § 161.001(2) (Vernon 2000).  Factors to be considered when making the determination as to whether termination is in the child’s best interest include: the desires of the child, the emotional and physical needs of the child now and in the future, the emotional and physical danger to the child now and in the future, parenting abilities, acts or omissions indicating the existing parent-child relationship is not a proper one, and any excuse for the acts or omissions.  In Interest of B.S.T., 977 S.W.2d 481, 485 (Tex.App.--Houston [14th Dist.] 1998, no writ).  In sum, a finding of a violation of either section (D) or (E), and a finding that termination is in the best interest of the child will support a judgment terminating the parent-child relationship.

Charles contends that there is no evidence, or alternatively, that there is legally and factually insufficient evidence to support the jury verdict of termination of his parental rights.  We will consider his no evidence and legal sufficiency points together.  When reviewing a challenge to the legal sufficiency of the evidence, i.e., a "no evidence" issue, the reviewing court may consider only the evidence and inferences that support the challenged finding and should disregard all evidence and inferences to the contrary.  Southwestern Bell Mobile Sys. v. Franco, 971 S.W.2d 52, 54 (Tex.1998) (per curiam).  A no evidence point will be sustained if there is no more than a scintilla of evidence to support the finding.  General Motors Corp. v. Sanchez, 997 S.W.2d 584, 588 (Tex.1999).  Here, there was evidence presented that shows Charles engaged in conduct which endangered the physical or emotional well-being of A.M.  First, through A.M.’s initial outcry  statement, and secondly, through the videotape testimony of A.M. wherein she states that only “Chuck” touched her “down there.”  Therefore, the evidence is legally sufficient to support the jury’s verdict that Charles engaged in conduct endangering the well-being of A.M., and his first two points of error are overruled. 

 By his third point of error, Charles contends the evidence is factually insufficient to support the jury’s verdict.  He argues that the judgment is against the great weight and preponderance of the evidence because the evidence shows that he was “no billed” by a grand jury and that he passed a lie detector test.  Even if this evidence does have probative value, a question we do not decide, the jury is sole judge of the weight and credibility to be given such evidence.  McGalliard v. Kuhlmann, 722 S.W.2d 694, 697 (Tex.1986).  Also, Charles argues that A.M. was confused as to who the perpetrator was on a videotaped interview of A.M.  It is not within the province of the court to interfere with the jury's resolution of conflicts in the evidence or to pass on the weight or credibility of the witnesses' testimony.  Benoit v. Wilson, 150 Tex. 273, 239 S.W.2d 792 (1951).  Where there is conflicting evidence, the jury's verdict on such matters is generally regarded as conclusive.  Wyler Indus. Works, Inc. v. Garcia, 999 S.W.2d 494, 499 (Tex.App.--El Paso 1999, no pet.).  Moreover, we are convinced through A.M.’s videotaped statement that “Kenny used to be my dad,” and her response that “Mommy didn’t touch me down there, just Chuck,” provides clear and convincing evidence that A.M. knew that it was Charles that had sexually molested her.  Therefore, there is factually sufficient evidence to support the jury’s verdict and we overrule Charles’s third point of error. 

We next consider Dana’s points of error.  By her first point of error, she contends  the evidence is legally and factually insufficient to support a finding that she knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endangered their physical or emotional well-being.  
See
 Tex. Fam. Code Ann. § 161.001(D) (Vernon 2000).  Dana also challenges the sufficiency of the evidence that she engaged in conduct or knowingly placed her children with persons who engaged in conduct which endangered their physical or emotional well-being.  
See
 Tex. Fam. Code Ann. § 161.001(E) (Vernon 2000).  

It is well-settled that a parent’s placement of their child with one who they knew had sexually abused their child in the past is sufficient to justify termination of the parent-child relationship.  
See generally
 In Interest of L.S., 748 S.W.2d 571 (Tex.App.--Amarillo 1988, no writ) (evidence of mother's awareness of male companion's sexual abuse of four children, and of her failure to adequately act on knowledge to protect her children despite physical and emotional impact abuse had on them, was sufficient to warrant termination of mother's parental rights); In Interest of A.C., 758 S.W.2d 390 (Tex.App.--Fort Worth 1988, no writ) (parent's placement of children in care of older child who parent knew had sexually abused children in past was clear and convincing evidence that defendant had placed children with person who endangered children's welfare and supported termination of parental rights); Lakes v. Texas Dept. of Human Services, 791 S.W.2d 214 (Tex.App.--Texarkana 1990, no writ) (knowingly placing or leaving children with persons known to have sexually abused them is sufficient evidence to justify termination of parental rights).  Here, the evidence clearly shows that Dana left her children with Charles after she learned of Charles’s sexual molestation of A.M.  Therefore, there was legally and factually sufficient evidence to support termination of Dana’s parental rights, and we overrule her first point of error.

Having found sufficient justification for terminating Dana’s parental rights under subsection D of section 161.001 of the Texas Family Code, we need not address her point of error under subsection E.  Nor need we address her third point of error wherein she contends that termination may not be based solely on the determination of the best interest of the child not only because there is sufficient justification for terminating her parental rights, but also because this point of error presents nothing for our review.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis

        Justice

Do not publish.

FOOTNOTES
1:
The rights of A.M.’s natural father were terminated prior to trial.

2:
At the time of trial, A.M. was six years old and C.W. was two years old.