Opinion issued February 19, 2004













In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00293-CV




BURGMANN SEALS AMERICA, INC., Appellant

V.

JIM CADENHEAD, Appellee




On Appeal from the 165th District Court
Harris County, Texas
Trial Court Cause No. 2000-30855




O P I N I O N
           Burgmann Seals America, Inc. (BSA), appellant and defendant below, appeals a
judgment awarding $100,500 in attorney’s fees and $13,275 in expert fees to appellee, Jim
Cadenhead, in his employment discrimination lawsuit.


 We reverse and render. 
BACKGROUND
           BSA is a wholly owned subsidiary of Burgmann Dichtungswerke GmbH & Co., a
German corporation. On October 1, 1995, BSA hired Cadenhead as its national sales
manager. In early 1999, when the president of BSA was terminated, Cadenhead sought the
vacant position. Tom Haan was named as the new president, and, on August 17, 1999, Haan
terminated Cadenhead. Cadenhead filed an age-discrimination complaint with the Equal
Employment Opportunity Commission (EEOC) and, on his application, checked the box
requesting simultaneous filing with the Texas Commission on Human Rights (TCHR). On
June 16, 2000, more than 180 days after filing his complaint with the EEOC, and not having
heard from the TCHR, Cadenhead sued BSA in the court below, claiming that BSA violated
the Texas Commission on Human Rights Act (TCHRA) by discriminating against him
because of his age in failing to promote him to the position of president and in discharging
him. Cadenhead also asserted that BSA had breached its contract with him by failing to give
him a 60-day notice before discharging him and by failing to pay him part of his commission. 
           The case was tried to a jury, which found that (1) age was a motivating factor in
BSA’s decision not to promote Cadenhead; (2) BSA would have taken the same action of not
promoting Cadenhead in the absence of the impermissible discrimination; (3) Cadenhead
suffered no damages as a result of BSA’s conduct; (4) BSA engaged in a discriminatory
practice with malice or reckless indifference to Cadenhead’s rights; (5) age was not a
motivating factor in BSA’s decision to discharge Cadenhead; (6) $450,000 should be
assessed against BSA as exemplary damages to Cadenhead for BSA’s discriminatory practice
with malice; (7) BSA failed to comply with the terms of the employment agreement with
Cadenhead; (8) $6,923.08 would compensate Cadenhead for his breach-of-contract damages;
and (9) $112,500 was a reasonable fee for Cadenhead’s attorney. The trial court disregarded
the exemplary-damages finding and, in the final judgment, awarded Cadenhead $6,923.08
as damages for breach of contract, $13,275 for expert fees, and $100,500 for attorney’s fees. 
BSA presents 11 issues challenging the trial court’s subject matter jurisdiction under the
TCHRA, appealing the award of attorney’s fees and expert fees, and challenging the trial
court’s findings of fact and conclusions of law that are related to Cadenhead’s status as
prevailing party, the award of attorney’s fees, and the award of expert fees.


 
DISCUSSION
Standard of Review
           The appellant must challenge the sufficiency of the trial court’s findings in its issues
on appeal or the findings are binding on the appellate court. IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp., 938 S.W.2d 440, 445 (Tex. 1997). If the appellant challenges the findings in its
issues, the appellate court will review the legal and factual sufficiency of the evidence to
support the findings in the same manner it reviews a jury’s findings in a jury trial. Escobar
v. Escobar, 728 S.W.2d 474, 475 (Tex. App.—San Antonio 1987, no writ); State Bar of
Texas v. Roberts, 723 S.W.2d 233, 235 (Tex. App.—Houston [1st Dist.] 1986, no writ). In
reviewing the legal sufficiency of the evidence, the court can consider only the evidence and
inferences that tend to support the finding, and must disregard all evidence and inferences
to the contrary. Weirich v. Weirich, 833 S.W.2d 942, 945 (Tex. 1992). In reviewing the
factual sufficiency of the evidence, the court must consider all evidence in the record, both
in support of, and contrary to, the finding. Lofton v. Texas Brine Corp., 720 S.W.2d 804, 805
(Tex. 1986). 
           A trial court’s conclusions of law are reviewed de novo. Nelkin v. Panzer, 833
S.W.2d 267, 268 (Tex. App.—Houston [1st Dist.] 1992, writ dism’d w.o.j.).
Subject-Matter Jurisdiction
           In its first supplemental issue, BSA contends that the trial court lacked subject-matter
jurisdiction to hear Cadenhead’s claims under the TCHRA because he did not exhaust his
administrative remedies. BSA cites Smith v. University of Texas Southwestern Medical
Center to support its contention that merely filing a complaint with the EEOC is not
sufficient to exhaust the administrative remedies under the TCHRA. See 101 S.W.3d 185
(Tex. App.—Dallas 2003, no pet.). In Smith, the plaintiff reported her charge of
discrimination to the EEOC, but did not check the box for simultaneous filing with the
TCHR. Id. at 188. 
           Unlike the plaintiff in Smith, Cadenhead did not merely file his complaint with the
EEOC. On his charge form, Cadenhead inserted “Texas Commission on Human Rights” as
the state agency and checked the box that stated, “I want this charge filed with both the
EEOC and the State or local Agency, if any.” We hold that providing the name of the TCHR
and checking the box for simultaneous filing is the equivalent of filing with the TCHR.



           BSA further argues that it is TCHR’s receipt and investigation of the complaint that
fulfills the exhaustion requirement and that Cadenhead has not shown that TCHR had
addressed his complaint. BSA does not support its argument with any case law.
           The Fourteenth Court of Appeals, in analyzing sections 21.201, 21.202, 21.208, and
21.256 of the Labor Code, has determined, “To comply with the exhaustion requirement
under the [TCHRA], an aggrieved employee must do the following: (1) file with the Texas
Commission on Human Rights . . . ; (2) allow the Commission 180 days to dismiss or resolve
the complaint before filing suit; and (3) file suit in district court no later than two years after
the complaint is filed with the Commission.” City of Houston v. Fletcher, 63 S.W.3d 920,
922 (Tex. App.—Houston [14th Dist.] 2002, no pet.). The court concluded that a
complainant’s exhaustion of remedies in a discrimination complaint occurs when the
complainant files a timely charge with TCHR and waits 181 days to file suit. Id. We agree
with our sister court.
           In this case, Cadenhead’s filing with the EEOC and checking the box for simultaneous
filing with the TCHR were sufficient to file his complaint with the TCHR. He was entitled
to file suit 181 days after filing his complaint with the TCHR and was required to file suit
within two years. Cadenhead had exhausted his remedies, and the trial court had jurisdiction
to hear Cadenhead’s claims under the TCHRA. Accordingly, we overrule BSA’s first
supplemental issue. 
Prevailing Party
           In its first issue, BSA contends, among other things, that Cadenhead did not show his
entitlement to attorney’s fees under sections 21.259(a) and 21.125(b) of the Texas Labor
Code. In its third supplemental issue, BSA contends that the trial court erred in finding that
Cadenhead was a prevailing party and challenges findings of fact 8 through 11 and
conclusions of law 2 through 5, 7 through 9, and 11.


 BSA argues that Cadenhead was not
the prevailing party and was not entitled to attorney’s fees because he was not awarded any
actual damages as a result of his age-discrimination claims and was not awarded any non-monetary relief, such as reinstatement or an injunction. As support for its position, BSA
relies on Farrar v. Hobby, 506 U.S. 103, 113 S. Ct. 566 (1992).
           Cadenhead responds that, to be a prevailing party, it was not necessary to establish
that he benefitted directly as a result of the lawsuit. He argues that he need only show that
he succeeded on a significant issue in the litigation, which achieved some of the benefit that 
the parties sought in bringing the suit, citing E.E.O.C. v. Clear Lake Dodge, 60 F.3d 1146,
1153 (5th Cir. 1995). Cadenhead contends that he met his burden to show that he succeeded
on a significant issue based on the jury findings that age was a motivating factor in BSA’s
decision not to promote him and that the discrimination was with malice or reckless
indifference to his rights and the jury award of $450,000 in exemplary damages. 
           Cadenhead’s argument is contrary to the Supreme Court’s holding in Farrar. There,
the Court reaffirmed that “a plaintiff [must] receive at least some relief on the merits of his
claim before he can be said to prevail.” Farrar, 506 U.S. at 110, 113 S. Ct. at 572 (quoting
Hewitt v. Helms, 482 U.S. 755, 760, 107 S. Ct. 2672, 2675-76 (1987)). The Court reasoned
that “a judicial pronouncement that the defendant has violated the Constitution,
unaccompanied by an enforceable judgment on the merits, does not render the plaintiff a
prevailing party. Of itself, ‘the moral satisfaction [that] results from any favorable statement
of law’ cannot bestow prevailing party status.” Id., 506 U.S. at 112, 113 S. Ct. at 573-74
(quoting Hewitt, 482 U.S. at 762, 107 S. Ct. at 2676). The Court held that a plaintiff who
recovers only nominal damages is a prevailing party. Id., 506 U.S. at 112, 113 S. Ct. at 573. 
However, the Court also stated, “When a plaintiff recovers only nominal damages because
of his failure to prove an essential element of his claim for monetary relief, the only
reasonable fee is usually no fee at all.” Id., 506 U.S. at 115, 113 S. Ct. at 575. In Farrar, the
trial court awarded one dollar as nominal damages. The Supreme Court held that the court
of appeals had correctly reversed the trial court’s award of attorney’s fees. Id., 506 U.S. at
116, 113 S. Ct. at 575. 
           Cadenhead argues that, under Farrar, the prevailing party inquiry does not turn on the
magnitude of the relief obtained. See id., 506 U.S. at 114, 113 S. Ct. at 574. However, under
Farrar, a party must receive some relief to be a prevailing party. Id., 506 U.S. at 111, 113
S. Ct. at 573. Farrar does not support Cadenhead’s argument because Cadenhead obtained
no relief at all against BSA.


 
           Likewise, Clear Lake Dodge does not support Cadenhead’s argument. In Clear Lake
Dodge, the EEOC filed suit in federal court against Clear Lake Dodge, alleging sex
discrimination against the plaintiff by terminating her employment because of pregnancy. 
60 F.3d at 1149. The plaintiff, represented by a private attorney, intervened in the federal
suit to assert state-law claims. Id. The state-law claims were tried to a jury, but the federal
claims were submitted to the trial court as fact finder, although the federal issues were
submitted to the jury for an advisory opinion. Id. The jury found for the defendant on all
claims. Id. at 1150. The trial court rendered a take-nothing judgment in favor of Clear Lake
Dodge on the state law claims. Id. However, the trial court disregarded the jury’s advisory
opinion on the federal claims and found that the plaintiff was entitled to back pay,
prejudgment interest, and attorney’s fees. Id. Because the plaintiff obtained a favorable
judgment on her federal claims, the court of appeals characterized her as a “prevailing
plaintiff,” even though all of her state-law claims were rejected by the jury. Id. at 1153. The
court noted that in some circumstances, a prevailing plaintiff should receive no attorney’s
fees at all, citing Farrar. Id. Because the plaintiff’s private attorney brought only the state
law claims, and the EEOC prosecuted the federal claims, the court reversed the trial court’s
award of attorney’s fees as excessive. Recognizing that the plaintiff’s private attorney may
have assisted the prosecution of the federal claims, the court remanded the cause to the trial
court for a recalculation of attorney’s fees after a determination of the extent to which the
private attorney’s work was not redundant or unnecessary to the prosecution of the federal
claims. Id. at 1154-55. 
           The facts in the present case are distinguishable from the facts in Clear Lake Dodge. 
In Clear Lake Dodge, although the plaintiff made no recovery for her state-law claims, she
recovered back wages on her federal claims and was, therefore, a prevailing plaintiff. Her
recovery of attorney’s fees was to be consistent with the contribution of her attorney in the
prosecution of the federal claims. In this case, Cadenhead was not awarded any relief. 
Therefore, Cadenhead is not in the same position as the plaintiff in Clear Lake Dodge, and
his reliance on that case is misplaced. 
           In Southwestern Bell Mobile Systems, Inc. v. Franco, the Texas Supreme Court relied
on Farrar in holding that the two plaintiffs, Franco and Mendez, were prevailing parties
within the meaning of section 21.259. 971 S.W.2d 52, 55-56 (Tex. 1998). Both plaintiffs
had filed complaints of sexual harassment and were subsequently discharged. They sued for
retaliatory discharge and were awarded actual and punitive damages by the jury. Id. at 53. 
The trial court awarded both plaintiffs actual and punitive damages and attorney’s fees and
ordered that Franco be reinstated. Id. at 53-54. The court of appeals affirmed, but remanded
the attorney’s fees issue for proof to support the fees. Id. at 54. The supreme court reversed
the damages awards and affirmed the judgment on Franco’s reinstatement and his attorney’s
fees. Id. at 56. The court reasoned that the award of attorney’s fees to Franco was not an
abuse of discretion because Franco had been granted equitable relief. Id. However, in spite
of its holding that Mendez was a prevailing party, the supreme court held that he was not
entitled to attorney’s fees because he had not received any meaningful relief. Id. 
           In Franco, the supreme court did not distinguish Mendez, who obtained no relief,
from the plaintiffs in Farrar, who were awarded nominal damages. Compare Farrar, 506
U.S. at 115, 113 S. Ct. at 575, with Franco, 971 S.W.2d at 55-56. In Farrar, the court did
not directly address the situation in which a plaintiff makes no recovery,but it relied
extensively on its earlier opinion in Hewitt v. Helms in which it “addressed the peculiar-sounding question whether a party who litigates to judgment and loses on all of his claims
can nonetheless be a ‘prevailing party.’” Farrar, 506 U.S. at 109-10, 113 S. Ct. at 572
(quoting Hewitt, 482 U.S. at 757, 107 S. Ct. at 2674). In Hewitt, the Court stated, “Respect
for ordinary language requires that a plaintiff receive at least some relief on the merits of his
claim before he can be said to prevail.” 482 U.S. at 760, 107 S. Ct. at 2675-76. The Court
held that Helms was not a prevailing party. Id., 482 U.S. at 759-60, 107 S. Ct. at 2675-76. 
           The Texas Supreme Court did not explain its departure from Farrar in determining
that Mendez was a prevailing party. However, the result regarding a plaintiff’s entitlement
to attorney’s fees is the same whether the plaintiff who receives no relief at law or in equity
is considered a prevailing party, as in the case of Mendez, or not a prevailing party, as in the
case of Helms. In either situation, a plaintiff does not recover attorney’s fees.
           In his contention that he is a prevailing party who is entitled to attorney’s fees,
Cadenhead relies on the jury’s findings in his favor. However, in Franco, the supreme court
stated, “It is the judgment, not the verdict, that we must consider in determining whether
attorney’s fees are proper.” Franco, 971 S.W.2d at 56. Like Mendez in Franco, Cadenhead
obtained no relief on his discrimination claims. Therefore, although he may be considered
a prevailing party under Franco, he is not entitled to recover attorney’s fees. 
           Under Franco, the controlling issue for the recovery of attorney’s fees is not whether
the plaintiff is a prevailing party, but whether the judgment reflects that the plaintiff obtained
meaningful relief on his claims. We find that the trial court’s conclusions of law in its
“findings of fact” 8 through 11 and its conclusions of law 2 through 5, 9, and 11 are
immaterial because their conclusion regarding Cadenhead’s status as a prevailing party,
standing alone, is irrelevant, under Franco, to the issue of attorney’s fees. In addition, the
trial court’s “conclusions of law” 7 and 8 are immaterial because they are neither findings
of fact nor conclusions of law, but are procedural facts reflecting the actions of the trial court. 
           Cadenhead argues that he is entitled to attorney’s fees under sections 21.259 and
21.125 of the Labor Code. Section 21.125 provides as follows: 
(a) Except as otherwise provided by this chapter, an unlawful
employment practice is established when the complainant demonstrates that
race, color, sex, national origin, religion, age, or disability was a motivating
factor for an employment practice, even if other factors also motivated the
practice, unless race, color, sex, national origin, religion, age, or disability is
combined with objective job-related factors to attain diversity in the
employer’s work force. 
 
(b) In a complaint in which a complainant proves a violation under
Subsection (a) and a respondent demonstrates that the respondent would have
taken the same action in the absence of the impermissible motivating factor,
the court may grant declaratory relief, injunctive relief except as otherwise
provided by this subsection, and attorney’s fees and costs demonstrated to be
directly attributable only to the pursuit of a complaint under Subsection (a), but
may not award damages or issue an order requiring an admission,
reinstatement, hiring, promotion, or back pay. 

Tex. Lab. Code Ann. § 21.125 (Vernon Supp. 2004). Section 21.259(a) provides as
follows:
 
(a) In a proceeding under this chapter, a court may allow the prevailing
party, other than the commission, a reasonable attorney’s fee as part of the
costs. 

Tex. Lab. Code Ann. § 21.259(a) (Vernon 1996). 

           Section 21.259(a) provides attorney’s fees for a prevailing party. Under section
21.125(b), when a defendant demonstrates that it had a permissible as well as an
impermissible motive for its action, a court may not award damages or other specified relief,
but may award declaratory relief, limited injunctive relief, and attorney’s fees. Although
Cadenhead is deemed a prevailing party under Franco, the effect of Franco, as we have
already stated, is to deny Cadenhead attorney’s fees. This is true whether Cadenhead is
seeking attorney’s fees under section 21.259 or section 21.125. 
           We sustain that portion of BSA’s first issue challenging Cadenhead’s recovery of
attorney’s fees under sections 21.259 and 21.125. Because we must follow the Texas
Supreme Court’s ruling in Franco, we hold that Cadenhead is a prevailing party who is not
entitled to attorney’s fees. Accordingly, we overrule BSA’s third supplemental issue.
           Because we have determined that Cadenhead is not entitled to recover attorney’s fees
for his age-discrimination suit, we need not reach the remaining portion of BSA’s first issue,
issues two and four, and supplemental issues four and five, all of which relate to the award
of attorney’s fees.
Expert Fees
           In its third issue and sixth supplemental issue, BSA contends that the trial court
improperly awarded expert fees and challenges findings of fact 37, 39, and 40 and
conclusions of law 15 and 16.


 BSA argues that Cadenhead’s expert, Warren Cole, testified
regarding Cadenhead’s claim for damages resulting from Cadenhead’s alleged unlawful
discharge only and that, because the jury found that age was not a motivating factor in
Cadenhead’s discharge, expert fees were improperly awarded for Cole’s testimony. 
           Cadenhead responds that, under section 21.125(b), the award of expert fees is within
the discretion of the trial court, that section 21.125(b) permits the recovery of expert fees in
a case such as this, and that the trial court did not abuse its discretion in its award.


 
Cadenhead relies on sections 21.125(b) and 21.259(c) and argues that the trial court did not
abuse its discretion in awarding the fees. 
           There are no Texas cases construing sections 21.125(b) and 21.259(c) as they relate
to the award of expert fees when the plaintiff obtains no meaningful relief by his suit. BSA
directs us to Snell v. Reno Hilton Resort, 930 F. Supp. 1428 (D. Nev. 1996), to support its
contention that Cadenhead is not entitled to expert fees. In Snell, the jury found that the
defendant discriminated against Snell, but also found that the adverse employment action
would have occurred even without the impermissible discrimination. Id. at 1431. The
district court did not award expert fees, finding “it inappropriate to tax to defendant fees for
experts who testified” on those issues on which the plaintiff did not prevail. Id. at 1434. 
           We agree that fees for experts who testify only on issues on which the plaintiff does
not prevail should not be taxed against the defendant. We hold that the trial court abused its
discretion in awarding expert fees to Cadenhead.
           We sustain BSA’s third issue and sixth supplemental issue. 
Discriminatory Conduct
           In supplemental issue seven, BSA contends that the trial court’s finding of fact
number seven “is an incorrect statement of law and/or fact.” In that finding, the trial court
stated as follows:
The jury awarded exemplary damages in the amount of $450,000.00 to
Cadenhead because the Company engaged in discriminatory conduct with
malice or reckless indifference to Cadenhead’s rights in connection with its
failure to promote Cadenhead because of his age (Jury Question #7).

           We need not consider this issue because the trial court’s statement in “finding of fact”
number seven is irrelevant in light of the fact that the jury’s finding of $450,000 in exemplary
damages was disregarded by the trial court. 
           We overrule BSA’s seventh supplemental issue. 
 

Identification of Findings and Conclusions
           In its second supplemental issue, BSA complains that the trial court did not correctly
identify the specific findings of fact and conclusions of law. Because of our disposition of
BSA’s first and third issues and sixth supplemental issue, we need not reach this issue.
CONCLUSION
           We reverse that portion of the judgment awarding attorney’s fees in the amount of
$100,500 and expert fees in the amount of $13,275 and render judgment that Cadenhead take
nothing against BSA in attorney’s fees and expert fees. The portion of the judgment
awarding damages for failure to comply with the terms of the employment agreement,
prejudgment interest, and postjudgment interest remains unchanged.



 
 
                                                                  Sam Nuchia
                                                                  Justice

Panel consists of Justices Nuchia, Alcala, and Hanks.