IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 14, 2007**

Charles R. Fulbruge III
Clerk

————

No. 06-50488

————

ELIBERTO C. GUERRA

Plaintiff - Appellant

v.

NORTH EAST INDEPENDENT SCHOOL DISTRICT

Defendant - Appellee

————

Appeal from the United States District Court
for the Western District of Texas

————

Before JOLLY, CLEMENT & OWEN, Circuit Judges.

PER CURIAM:

Plaintiff Eliberto Guerra was employed by defendant North East Independent School District (NEISD) as a heating, ventilation, and air conditioning (HVAC) technician for approximately thirty years. In July 2001, Guerra applied for a promotion to Building Environmental Systems Foreman for NEISD. After an initial round of interviews, Guerra was not selected for further consideration.

Guerra filed a charge of age discrimination under the Age Discrimination in Employment Act[1] with the EEOC. The EEOC eventually determined that

---

[1] 29 U.S.C. § 621 (2000).

NEISD had discriminated against Guerra based on his age and issued Guerra a right-to-sue letter.

Guerra sued NEISD in district court for age discrimination, retaliation, and constructive discharge. The district court granted NEISD's motion for summary judgment regarding the retaliation and constructive discharge claims but denied summary judgment on Guerra's age discrimination claim.

Prior to trial, Guerra sought to introduce the EEOC letter, the EEOC file, and NEISD's response to the EEOC charge as evidence. The district judge excluded all of the EEOC documents from evidence. At the conclusion of trial, the jury found in NEISD's favor. In this appeal, Guerra challenges the jury instructions and exclusion of the EEOC evidence.

Guerra argues that the jury instructions contained the improper causation standard for an ADEA pretext case. Guerra did not object to the jury instructions at trial, so the review is for plain error.[2] Guerra must show "(1) that an error occurred; (2) that the error was plain, which means clear or obvious; (3) the plain error must affect substantial rights; and (4) not correcting the error would seriously impact the fairness, integrity, or public reputation of judicial proceedings."[3] "In determining whether a particular jury instruction was erroneous, we consider the jury charge as a whole."[4] A reversal is appropriate when "the charge as a whole leaves us with the substantial and ineradicable doubt whether the jury has been properly guided in its deliberations."[5]

The jury instructions stated: "To establish age discrimination pursuant to this statute, the plaintiff must prove by a preponderance of the evidence all

---

[2] Septimus v. Univ. of Houston, 399 F.3d 601, 606-07 (5th Cir. 2005).

[3] Id. at 607.

[4] Id.

[5] Id. (quoting Turnage v. Gen. Elec. Co., 953 F.2d 206, 211-12 (5th Cir. 1992)).

of the following five elements: . . . 5. His age (1) was a motivating factor and (2) had a determinative influence in the defendant's decision-making process." The jury verdict form also read: "5. (1) Was the plaintiff's age a motivating factor in, and (2) did the plaintiff's age have a determinative influence in, the defendant's decision-making process?" Question five provided the jury with a single pair of yes–no blanks.

Guerra argues that the instructions and verdict form used an incorrect causation standard. There are two types of ADEA cases when the defendant provides a non-discriminatory reason for the adverse employment action—mixed-motive and pretext.[6] In a mixed-motive case, the proper causation standard is whether the improper characteristic was a "motivating factor" of the employer's decision.[7] In a pretext case, the causation standard is whether the employer would have taken the action "but for" the improper characteristic—a more stringent standard than "motivating factor."[8]

Here, the jury was requested to answer a single question that contained both the "motivating factor" and "but for" standards. Neither party disputes that the case was tried as a pretext case and that the "but for" standard (phrased here as "determinative influence") was therefore appropriate. The question before us is whether the inclusion of "motivating factor" alongside "but for" is plain error.

The two standards are different points along the same continuum—"but for" is inclusive of "motivating factor." If an employer would not have acted but for the improper characteristic, the improper characteristic is necessarily a motivating factor in the employer's decision.

---

[6] Id. at 607-08.

[7] Id. at 608.

[8] Id.

The inclusion of the "motivating factor" question did not create any extra burden for Guerra: he had to prove that he did not receive the promotion but for his age. If Guerra had successfully shown that his age was the but-for cause, it would have necessarily been a motivating factor as well. In this context, the addition of "motivating factor" to the jury instructions was merely superfluous. Though unnecessary, the inclusion of the lesser standard did not impact Guerra's substantial rights. Guerra has failed to demonstrate plain error, and we affirm the district court's judgment.

Guerra also argues that the district court was required to hold a hearing to perform a balancing test under Federal Rule of Evidence 403 before excluding the EEOC evidence. We reverse evidentiary decisions only when the district court clearly abused its discretion and a party's substantial rights were affected.[9]

An EEOC determination or factual finding is "an exception to the hearsay exclusion rule, if it falls within the admissibility provision of Rule 803(8)(C) as 'factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.'"[10] Federal Rule of Evidence 403 requires exclusion of evidence "if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." Though the EEOC letter was not automatically barred as hearsay, the district judge held that its risk of prejudice outweighed its probative value.

Guerra asserts that the district judge was required to hold a hearing to discuss the evidence and allow Guerra to make rebuttal arguments against excluding the evidence. Guerra provides no cases to support this proposition, and it is not a requirement of Federal Rule of Evidence 403.

---

[9] Rock v. Huffco Gas & Oil Co., 922 F.2d 272, 277 (5th Cir. 1991).

[10] McClure v. Mexia Indep. Sch. Dist., 750 F.2d 396, 399 (5th Cir. 1985) (quoting FED. R. EVID. 803(8)(C)).

A number of factors weighed against the introduction of the EEOC evidence. First, the EEOC letter was created under questionable conditions—the EEOC investigators initially determined that NEISD had not discriminated against Guerra but later, following complaints by Guerra to a member of Congress, reopened the file and reversed their decision without any new evidence. The district judge did not allow NEISD to subpoena the EEOC investigators to explain this matter.

Second, the EEOC evidence spoke directly to the ultimate issue in the case. It would likely have prejudiced the jury since the EEOC made its own factual determination that age discrimination occurred.

The district court did not abuse its discretion in excluding the EEOC evidence.

AFFIRMED.