# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00413-CV

**Texas Health and Human Services Commission; Texas Department of Assistive and Rehabilitative Services; and Commissioner Albert Hawkins, in his Official Capacity only, Appellants**

**v.**

**Mary L. Wolfe, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT NO. D-1-GN-05-004386, HONORABLE PAUL DAVIS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Mary Wolfe sued the Texas Health and Human Services Commission, its Commissioner (Albert Hawkins), and the Texas Department of Assistive and Rehabilitative Services (collectively, "the State") for gender-based employment discrimination and retaliation. *See* Tex. Lab. Code Ann. §§ 21.051, .055 (West 2006). A jury found that the State improperly considered gender as a factor in passing over Wolfe for various jobs, but it also found that the State did not retaliate against Wolfe and would have passed her over for the jobs even without considering gender. The trial court awarded Wolfe declaratory and injunctive relief and attorney's fees. *See id.* §§ 21.125, .259 (West 2006). The State appeals, arguing that the trial court erred by (1) admitting into evidence a letter written by the United States Equal Employment Opportunity Commission ("EEOC") and (2) awarding Wolfe declaratory and injunctive relief and attorney's fees. We

1

will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The Texas legislature reorganized several state social services agencies in 2003 and 2004. It created an umbrella agency, the Health and Human Services Commission ("HHSC"), and divided it into four departments: the Department of Assistive and Rehabilitative Services ("DARS"), the Department of State Health Services, the Department of Aging and Disability Services, and the Department of Family and Protective Services. Each of these departments, in turn, was made up of one of more former state agencies. DARS was made up of the Texas Rehabilitation Commission, the Texas Commission for the Blind, Early Childhood Intervention, and the Texas Commission for the Deaf and Hard of Hearing. The Texas Rehabilitation Commission was the largest of the agencies comprising DARS, and Mary Wolfe was its interim Commissioner (i.e., head) at the time DARS was formed.

Albert Hawkins, the Executive Commissioner of HHSC, was tasked with selecting a Commissioner (i.e., head) for each of the four departments within HHSC. Wolfe applied for the position of DARS Commissioner and was, according to Hawkins's trial testimony, the only strong applicant for the position. Rather than simply hire Wolfe, however, Hawkins solicited an application from Terry Murphy, the male head of the Texas Commission for the Blind. Hawkins ultimately selected Murphy to be DARS Commissioner and also selected males to serve as the Commissioners of the other three HHSC departments.

After Wolfe was passed over for DARS Commissioner, she applied and was passed over for three other DARS positions: Chief Operating Officer, Deputy Commissioner, and Assistant

2

Commissioner for Rehabilitation Services. Two of these three positions went to males (the Deputy Commissioner position went to a female). Wolfe was ultimately offered and accepted the position of DARS Assistant Commissioner for Disability Determination Services.

Wolfe subsequently filed a complaint with the Texas Workforce Commission Civil Rights Division and the EEOC alleging that she was passed over for the four DARS positions (1) in retaliation for complaining of perceived discriminatory treatment and (2) because she was female. The EEOC investigated Wolfe's complaint and issued a determination letter stating that it found no support for Wolfe's retaliation claim but found support for her discrimination claim. Specifically, the determination letter cited two pieces of evidence that, in the EEOC's estimation, supported Wolfe's discrimination claim: (1) "at least one male selectee for the Commissioner of DARS position was not better qualified than" Wolfe; and (2) "a comment was made by [Hawkins] that [HHSC] would be stronger and more likely to succeed if three of the four [department] Commissioners were male." The letter concluded that "the evidence does establish a violation of Title VII [of the federal Civil Rights Act] in that, because of her sex, female, [Wolfe] was denied a promotion to a DARS Commissioner position." Consequently, the Texas Workforce Commission issued Wolfe a right-to-sue letter, *see* Tex. Lab. Code Ann. § 21.252 (West 2006), and Wolfe filed suit.

After approximately two years of discovery, the parties went to trial. Before the trial began, the State filed a motion in limine to exclude the EEOC's determination letter from evidence. The court granted the motion but permitted Wolfe to revisit the issue during trial. Wolfe did so and offered the letter into evidence. The court admitted the letter over the State's objection.

The jury eventually received a charge that contained four questions: (1) whether

3

gender was a motivating factor in Wolfe being passed over for the DARS positions; (2) whether, absent gender as a motivating factor, Wolfe would have been passed over for the DARS positions; (3) whether Wolfe was retaliated against; and (4) what monetary damages would compensate Wolfe for the discrimination she suffered (if any). The jury found that gender had been a motivating factor in Wolfe being passed over for the DARS Commissioner position (though not for any other position). It also found, however, that Wolfe would have been passed over for the Commissioner position even if gender had not been a motivating factor and that Wolfe was not retaliated against. Consequently, the jury found that Wolfe was not entitled to damages.

The court entered judgment on the jury's verdict. It also found that Wolfe was entitled to (1) declaratory and injunctive relief pursuant to Labor Code section 21.125 and (2) attorney's fees pursuant to Labor Code sections 21.125 "and/or" 21.259 "because [Wolfe] established that her sex (female) was a motivating factor for defendant HHSC's failure to select her for the position of DARS Commissioner." Accordingly, the court's final judgment declared that "defendant HHSC violated the plaintiff's rights under Chapter 21 of the Texas Labor Code, engaged in unlawful employment discrimination, and considered an illegal factor in not selecting the plaintiff for the position of DARS Commissioner." The judgment also enjoined HHSC and Hawkins from "taking sex into account in future selection decisions for the DARS Commissioner position or for any other HHSC positions for which [Wolfe] may apply, and . . . from retaliating against [Wolfe]." Finally the judgment ordered the State to pay Wolfe's attorney's fees and costs (including any appellate fees).

The State filed several post-trial motions that were overruled by operation of law, and the State then perfected this appeal.

4

## STANDARD OF REVIEW

We review trial court decisions regarding the admission of evidence for abuse of discretion. *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 754 (Tex. 1995). A trial court abuses its discretion if it rules without regard for any guiding rules or principles. *Id*. Similarly, we review relief awarded under Labor Code sections 21.125 and 21.259, including declaratory judgments, injunctions, and attorney's fees, for abuse of discretion. *See Wagner & Brown, Ltd. v. Sheppard*, 282 S.W.3d 419, 428-29 (Tex. 2008) (abuse-of-discretion review standard applies to trial court rulings concerning necessity and propriety of equitable relief); *Bocquet v. Herring*, 972 S.W.2d 19, 20-21 (Tex. 1998) (where statutes provide court "may" award attorney's fees, decision to grant or deny attorney's fees is discretionary and reviewed on appeal for abuse of discretion); *Jones v. Jefferson County*, 15 S.W.3d 206, 213 (Tex. App.—Texarkana 2000, pet. denied) (abuse-of-discretion review standard applies to injunctions awarded under labor code section 21.125).

## DISCUSSION

The State raises three issues on appeal. We will address them in turn.

### *Whether the Trial Court Erred By Admitting the EEOC Determination Letter*

The state argues that the trial court erred by admitting the EEOC determination letter into evidence. As mentioned above, the State filed a motion in limine to exclude the letter in which it argued that the letter was "hearsay, irrelevant and any probative value is substantially outweighed by the danger of unfair prejudice or misleading the jury." The court granted the motion but permitted Wolfe to revisit the issue outside the jury's presence during trial. Wolfe did so, and the following discussion occurred:

5

THE COURT: Then with respect to the EEOC determination letter, which is Plaintiff's Exhibit 74, is it offered?

PLAINTIFF: It is offered, Your Honor.

THE COURT: What is your objection, [State]?

THE STATE: Your honor, we have objected to that on 402—Rule 402, relevance; 403, prejudice; 802, hearsay; and [602], lack of personal knowledge.

THE COURT: I'm sorry. Lack of personal knowledge?

THE STATE: Correct. The person who prepared the report is not the person—or who investigated it. The person who signed it did not actually conduct the investigation.

THE COURT: And—all right. Anything else you want to say about it?

THE STATE: Yes, Your Honor. It's highly prejudicial because, as we explained earlier, if this report comes in, then we'll have to offer evidence that the TWC, the Texas Workforce Commission, found it [sic] contrary and had to forward the file to the EEOC. I think we just get way off track of what the issues in this trial are. And I think we're suggesting to the jury that somehow this incomplete and conflicting investigation is relevant to the decisions that they have to make at this trial. Our position is it is clearly prejudicial under Rule 403 and should not be admitted.

THE COURT: The objections to 402 and [802] are overruled. I'm going to roll the 602 and 403 objections into one because under the case authority the Court is to consider the prejudicial effect combined with the circumstances of the report and what the report says . . . .

. . . .

THE COURT: [State], is there anything further on the Court's consideration of the admissibility of Exhibit 74?

THE STATE: Yes, Your Honor. On the face of it, on Page 2, at the top, the analysis . . . is an analysis in violation of Title 7 of the Civil Rights Act, a federal statute. And as I understand it, there is no claim made in this case for Title 7 violations. So clearly that's misleading to the jury. It's a misrepresentation of why we're here. And it would require explanation of which [sic] there are no witnesses identified by either party who can explain what those differences are or how Mr. Esquivel [the letter's author] conducted his investigation, which the file indicates he did not even do it [himself].

6

On appeal, the State focuses on the following portion of the letter: "evidence indicates that at least one male selectee for the Commissioner of DARS position was not better qualified than [Wolfe]. Evidence also indicates a comment was made by [Hawkins] that [HHSC] would be stronger and more likely to succeed if three of the four [department] Commissioners were male." The State asserts that "the 'evidence' from which these hearsay conclusions originated was not identified . . . , and nobody from the EEOC testified or sponsored such exhibit, nor identified a source for any of the hearsay statements and conclusions made therein." The State re-urges its Rule of Evidence 402 (relevance) and 403 (prejudice) arguments on the basis of these assertions.

The State also argues that admitting the letter violated Texas Rule of Evidence 802, the rule against hearsay, "because [the letter] contains statements by individuals who did not testify at trial . . . and references evidence of qualifications for the position of DARS Commissioner that are likewise not identified." The State argues that this hearsay violation was "especially egregious" because "Hawkins testified that he never talked personally to any investigator from the EEOC or the Texas Workforce Commission." The State also notes that the trial court instructed the jury to consider the letter "for any purpose," presumably including the truth of its contents, and not merely for the purpose of "showing 'the process of filing a complaint.'" As a result, the State argues, the letter probably determined the outcome of the case—after all, the jury found the State guilty of discrimination with regard to the one position (DARS Commissioner) that the letter specifically tied to a discriminatory statement.[1] Finally, the State argues that the letter did not qualify as an exception

---

[1] Again, the letter stated that "[e]vidence also indicates a comment was made by [Hawkins] that [HHSC] would be stronger and more likely to succeed if three of the four [department] Commissioners were male."

7

to the hearsay rule under rule of evidence 803(6) or 803(8) because "it contains statements by individuals who did not testify at trial and were not subject to cross-examination, and references evidence of qualifications for the position of DARS Commissioner that are likewise not identified as an exception to the Hearsay Rule."

Wolfe responds to the State's arguments in three ways. First, she contends that the State has waived some of its arguments because it did not raise them at trial. *See* Tex. R. App. P. 33.1(a) (to preserve complaint for appellate review, appellant must raise complaint to trial court with sufficient specificity to make trial court aware of it). Rather, she claims, the State voiced only the following objections to the letter's admission at trial: (1) the person who signed the letter did not actually conduct the investigation; (2) the State would, if the letter was admitted, be forced to offer evidence that the Texas Workforce Commission reached conclusions contrary to the EEOC; and (3) the EEOC conducted its analysis under Title 7 of the federal Civil Rights Act rather than chapter 21 of the Texas Labor Code.[2] Thus, Wolfe argues, the State waived the other arguments that it raises on appeal.

Second, Wolfe contends that the letter was admissible as a hearsay exception under rule of evidence 803(8)(C). She argues that "the Fifth Circuit and other courts in Title VII cases routinely have held that EEOC determinations are admissible under [Federal Rule of Evidence] 803(8)(C)."[3] *See, e.g.*, *McClure v. Mexia Indep. Sch. Dist.*, 750 F.2d 396, 400 (5th Cir. 1985);

---

[2] Wolfe fails to mention that the State objected on a fourth basis at trial—that "we're suggesting to the jury that somehow this incomplete and conflicting investigation is relevant to the decisions that they have to make at this trial."

[3] Wolfe correctly notes that (1) Texas courts rely on federal as well as Texas authority in employment-discrimination cases, *see Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 475-76

*Heyne v. Caruso*, 69 F.3d 1475, 1483 (9th Cir. 1995).

Third, Wolfe argues that "[c]ase law establishes that EEOC determinations have high probative value" and should therefore not be excluded under rule of evidence 403. *See* Tex. R. Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.").

Assuming for the sake of analysis that the State preserved its appellate arguments, we find its arguments unpersuasive. EEOC determination letters are excepted from the hearsay rule as long as they are trustworthy. *See* Tex. R. Evid. 803(8)(C) (reports of public agencies setting forth "factual findings resulting from an investigation made pursuant to authority granted by law" are excepted from hearsay rule "unless the sources of information or other circumstances indicate lack of trustworthiness"); *McClure*, 750 F.2d at 399-400 (EEOC determination letters admissible as hearsay exception under federal rule of evidence 803(8)(C)); *Johnson v. Scott Fetzer Co.*, 124 S.W.3d 257, 263 (Tex. App.—Fort Worth 2003, pet. denied) ("EEOC determinations . . . are generally admissible as evidence in civil proceedings."). The State suggests that Wolfe's determination letter is untrustworthy because it "fail[s] to disclose the identity of the supposed witness who [heard] the un-attributed statement during a conversation with Commissioner Hawkins that was the basis for the [gender discrimination] determination." Determination letters are not necessarily untrustworthy if they rely on "unattributed" statements, however. *See Union Pac. R.R. Co. v. Kirby Inland Marine, Inc.*, 296 F.3d 671, 679 (8th Cir. 2002) ("The fact that Coast Guard

---

(Tex. 2001), and (2) Texas Rule of Evidence 803(8) is substantively identical to Federal Rule of Evidence 803(8). *See McRae v. Echols*, 8 S.W.3d 797, 800 (Tex. App.—Waco 2000, pet. denied).

investigators relied on hearsay evidence to reach their conclusions does not mean that the preparation of the report was untrustworthy."); *Moss v. Ole S. Real Estate, Inc.*, 933 F.2d 1300, 1309-10 (5th Cir. 1991) ("[M]any government reports . . . have to rely in part on hearsay evidence, and the reports are not generally excluded for this reason.").

What matters is the methodology behind the report. *See Kirby Inland Marine*, 296 F.3d at 679 ("When considering whether a report is trustworthy, the court should not consider whether the report is credible, but rather should consider whether the report is reliable. The Rule 803 trustworthiness requirement, therefore, means that the trial court is to determine primarily whether the report was compiled or prepared in a way that indicates that its conclusions can be relied upon.") (citation and punctuation omitted). The State did not attack the EEOC's methodology at trial and does not attack it on appeal.[4] Thus, the State has not met its burden to establish that the letter is untrustworthy. *See id*. ("The party opposing the admission of the report has the burden of proving the report's untrustworthiness."); *Moss*, 933 F.2d at 1307-08. We therefore conclude that the trial court did not err in overruling the State's hearsay objection to the letter.

Concerning the State's probity-versus-prejudice argument under rule of evidence 403, the case law is clear that EEOC determination letters are generally considered highly probative.

---

[4] Indeed, Albert Hawkins testified at trial after the letter was admitted, and the State did not inquire whether he had made the discriminatory statement attributed to him.

The State did ask Hawkins whether the EEOC interviewed him (which it did not), and that question may have been intended to suggest that the EEOC's methodology was questionable, but the State did not develop or follow up on that suggestion. More importantly, the State did not make a methodological objection to the letter when the trial court was considering whether to admit the letter. Nor does the State explicitly attack the methodology underlying the letter on appeal.

Indeed, EEOC determination letters are considered "presumptively admissible because they are so highly probative of discrimination that their probity outweighs any possible prejudice to defendant." *EEOC v. Manville Sales Corp.*, 27 F.3d 1089, 1095 (5th Cir. 1994) (citations and quotation omitted). Notwithstanding this general rule, a trial court may exclude an EEOC letter for lack of probity if the letter is conclusory. *Johnson*, 124 S.W.3d at 263 (indicating the court may exclude letter that "does not outline, even summarily, the evidence upon which it relies for its conclusions"). Similarly, a court may exclude an EEOC letter that affirmatively states discrimination has occurred, as opposed to one that states there is "reason to believe" discrimination has occurred, because such affirmative statements may excessively influence the jury. *See Manville Sales*, 27 F.3d at 1095.[5] Ultimately, whether an EEOC determination letter's probity is substantially outweighed by its potential to prejudice is a matter of discretion for the trial court. *See id*. Thus, we will not reverse a trial court decision to admit or exclude a letter so as long as it has a reasonable basis. *See City of San Antonio v. Ytuarte*, 229 S.W.3d 318, 321 (Tex. 2007) (per curiam) ("[A]n abuse of discretion is shown only if the trial court could not have reasonably reached the decision in question.").

Here, the letter at issue contains an affirmative statement that discrimination occurred. Thus, it had an elevated potential to prejudice the jury. *See Manville Sales*, 27 F.3d at 1095. On the other hand, the letter was not conclusory; it stated the evidence on which the discrimination finding

---

[5] The fact that courts *may* exclude EEOC letters, however, does not mean that courts abuse their discretion if they do not exclude them. *See Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1288-89 (11th Cir. 2008) (court does not abuse discretion in admitting EEOC determination letter that concerns same discrimination claim as that before the jury, where sufficient evidence is adduced at trial to place letter in proper context, and court instructs jury as to appropriate use of the letter by explaining that it is not an adjudication of rights and liabilities).

11

was based. *Cf.* Johnson, 124 S.W.3d at 263 (letter is conclusory, and therefore non-probative, if it "does not outline, even summarily, the evidence upon which it relies for its conclusions").**[6]** Nor was there any suggestion of other circumstances surrounding the letter that undermined its probity. *Cf. Guerra v. North E. Indep. Sch. Dist.*, 496 F.3d 415, 419 (5th Cir. 2007) (trial court did not err in excluding EEOC determination letter because, among other reasons, the letter "was created under questionable conditions."). On the whole, then, we cannot conclude that the trial court's probity-versus-prejudice calculation was so unreasonable as to represent an abuse of discretion. We overrule the State's first issue.

### Whether the Trial Court Erred By Granting Declaratory and Injunctive Relief and Attorney's Fees Against DARS

The State argues that the trial court's judgment granted relief against DARS and that this was error because such relief was not supported by the jury's findings. Specifically, the State contends that the jury questions asked only whether HHSC, not DARS, discriminated and retaliated against Wolfe. *See W & F Transp., Inc. v. Wilhelm*, 208 S.W.3d 32, 47 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (judgment is erroneous if it imposes liability on defendant not named in jury charge). Wolfe did not object to the jury charge as submitted, the State argues, so she waived any right to relief against DARS. *See id.* Furthermore, the State argues, because the jury found that no

---

**[6]** As noted above, the fact that the report relied on hearsay evidence did not necessarily undermine the letter's probity. *See Moss v. Ole S. Real Estate, Inc.*, 933 F.2d 1300, 1309-10 (5th Cir. 1991); *EEOC v. Regency Architectural Metals Corp.*, 896 F. Supp. 260, 263 (D. Conn. 1995) ("[A]dmissibility of EEOC reasonable cause determinations is within the discretion of the trial court, depending on the probative value of the information in the determination and the problems of the inability of defendants to cross-examine the report and the hearsay it may contain.").

retaliation occurred, the court could not properly enjoin DARS (along with the other defendants) from retaliating against Wolfe in the future.

The State's argument assumes that the judgment actually awards relief against DARS. A careful reading of the judgment reveals that it does not do so. The State bases its argument on the judgment's injunction section, which states that ". . . *the defendants* are further enjoined from retaliating against the plaintiff." (Emphasis added.) While this clause in isolation may seem to include DARS, in context it clearly includes only HHSC and Hawkins:

> [P]laintiff Mary Wolfe is entitled to a permanent injunction enjoining *defendants HHSC and Executive Commissioner Albert Hawkins* from taking sex into account in future selection decisions for the DARS Commissioner position or for any other HHSC positions for which she may apply, and . . . *the defendants* are *further* enjoined from retaliating against the plaintiff for filing a charge or bringing a complaint, or as otherwise prohibited by Texas Labor Code § 21.055.

(Emphasis added.) The use of the word "further" in the second clause indicates that the clause applies only to defendants who have already been enjoined. Only HHSC and Hawkins had already been enjoined (in the previous clause). Thus, the second clause cannot apply to DARS. This interpretation accords with the facts of the case, as the jury found that Wolfe was discriminated against only with regard to Hawkins's decision (as HHSC Commissioner) not to hire Wolfe for the DARS Commissioner position.

Because the judgment does not award Wolfe any relief against DARS, we overrule the State's second issue.

13

*Whether the Trial Court Erred By Awarding Wolfe Declaratory and Injunctive Relief and Attorney's Fees*

Finally, the State argues that the trial court erred by awarding Wolfe declaratory and injunctive relief and attorney's fees. We will consider each form of relief separately.

*Declaratory Relief*

The State makes two arguments concerning declaratory relief. First, it argues that declaratory relief was unwarranted because the jury found that Wolfe was not entitled to damages and would have been passed over for the DARS Commissioner position even absent gender discrimination. We find this argument unpersuasive, as the jury also found that the State discriminated against Wolfe with regard to the DARS Commissioner position. The declaration entered by the trial court simply reflected the jury's discrimination finding.[7] The State offers no argument as to why such a declaration is improper.

Second, the State seems to argue that declaratory relief was unwarranted because "Wolfe never testified of any fear of future retaliation or discrimination." That fact is clearly irrelevant, however, to whether the court could properly declare that Wolfe had already suffered discrimination. The Texas Labor Code provides that "an unlawful employment practice is established when the complainant demonstrates that race, color, sex, national origin, religion, age, or disability *was* a motivating factor for an employment practice, even if other factors also motivated the practice." Tex. Lab. Code § 21.125(a) (emphasis added). The Labor Code further provides that

---

[7] Again, the declaration read: "Mary Wolfe is entitled to declaratory relief in the form of a declaration, hereby issued, that defendant HHSC violated the plaintiff's rights under Chapter 21 of the Texas Labor Code, engaged in unlawful employment discrimination, and considered an illegal factor in not selecting the plaintiff for the position of DARS Commissioner."

14

when such an unlawful employment practice is established, the complainant is entitled to declaratory relief in the discretion of the trial court. *Id*. § 21.125(b). The jury found that sex was a motivating factor in the State's decision not to hire Wolfe for the DARS Commissioner position, and the State has not suggested (much less demonstrated) that the jury's finding was wrong. Thus, we conclude that the State has not shown the trial court abused its discretion in granting Wolfe declaratory relief. *See id*.

The State's reply brief contains additional arguments concerning declaratory relief. We do not consider these arguments because an appellant may not raise new arguments in its reply brief. *See Dallas County v. Gonzales*, 183 S.W.3d 94, 104 (Tex. App.—Dallas 2006, pet. denied).

### *Injunctive Relief*

The State makes several arguments concerning Wolfe's award of injunctive relief.[8] First, it reiterates one of the arguments it made against declaratory relief—namely, that injunctive relief was unwarranted because the jury found that Wolfe was not entitled to damages and would have been passed over for the DARS Commissioner position even absent gender discrimination. This argument is once again unavailing because the jury also found that the State discriminated against Wolfe. The Labor Code explicitly provides for injunctions when a plaintiff has been discriminated against in the past, even if the plaintiff would have experienced the same adverse employment decision absent discrimination. *See* Tex. Lab. Code § 21.125(b). We also note that

---

[8] Again, we review awards of injunctive relief under an abuse-of-discretion standard, *Wagner & Brown, Ltd. v. Sheppard*, 282 S.W.3d 419, 428-29 (Tex. 2008), and will not reverse an injunction unless the trial court granted it without regard for any guiding rules or principles. *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 754 (Tex. 1995).

15

federal courts routinely impose injunctions when plaintiffs establish past discrimination. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 72 (2006) ("Throughout its history, Title VII has provided for injunctions to bar like discrimination in the future, an important form of relief.") (citation and punctuation omitted).

Second, the State seems to argue that the trial court's injunction runs afoul of Texas Labor Code section 21.125(b). That statute prohibits a court from awarding a plaintiff "reinstatement, hiring, promotion, or back pay" for a discriminatory employment decision if the jury finds that the plaintiff's employer would have made the same decision absent a discriminatory motivation. *See* Tex. Lab. Code § 21.125(b). The State suggests that "granting the injunctive relief in this case regarding the future DARS Commissioner position" is "tantamount to a reinstatement, hiring or promotion, however it might be labeled." Thus, the State argues, the injunction was an abuse of discretion.

Once again, the injunction entered by the trial court states:

> [P]laintiff Mary Wolfe is entitled to a permanent injunction enjoining defendants HHSC and Executive Commissioner Albert Hawkins from taking sex into account in future selection decisions for the DARS Commissioner position or for any other HHSC positions for which she may apply, and . . . the defendants are further enjoined from retaliating against the plaintiff for filing a charge or bringing a complaint, or as otherwise prohibited by Texas Labor Code § 21.055.

This injunction is clearly not "tantamount to a reinstatement, hiring or promotion"; it simply bars future discrimination or retaliation. Thus, the injunction does not run afoul of Labor Code section 21.125(b).

Third, the State argues that the trial court's injunction represented an abuse of

16

discretion because Wolfe presented no evidence that she was likely to be discriminated against in the future.[9] The State contends that "prospective injunctive relief depends upon a showing of the probability of future discrimination." The State cites a single, unpublished opinion to support this proposition: *Extendacare Health Sys., Inc. v. Gisch*, No. 05-95-00601-CV, 1996 Tex. App. LEXIS 5704, at *17-18 (Tex. App.—Dallas Dec. 16, 1996, writ denied). But *Gisch* does not in fact say that prospective injunctive relief depends upon a showing of the probability of future discrimination; it says that if there is no evidence to suggest that future discrimination will occur, "injunctive relief *may not be necessary* to make the plaintiff whole." *Id.* (emphasis added). The State offers no other support for its argument that Wolfe had to demonstrate the probability of future discrimination to obtain an injunction.

The State makes additional arguments concerning injunctive relief in its reply brief. We do not consider those arguments because an appellant may not raise new arguments in its reply brief. *See Dallas County*, 183 S.W.3d at 104 (appellant not permitted to raise new arguments in reply brief).

Having concluded that the State's arguments against injunctive relief lack merit, we affirm the trial court's award of injunctive relief.

### *Attorney's Fees*

Finally, the State argues that the trial court erred by awarding Wolfe attorney's fees. It bases this argument on the rule that to obtain attorney's fees under chapter 21 of the Labor Code, a plaintiff must have obtained "meaningful relief." *See Burgmann Seals Am., Inc. v. Cadenhead*,

---

[9] We note that Wolfe remains an HHSC employee.

135 S.W.3d 854, 860-61 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). The State contends that Wolfe did not obtain meaningful relief because (1) she was awarded no damages and (2) the jury found that the State would not have hired Wolfe as DARS Commissioner even absent a discriminatory motivation. The State also contends that Wolfe's "prospective injunction alone" "might not be enough" to constitute "meaningful relief." Finally, the State argues that while declaratory and injunctive relief "could be meaningful to an aggrieved employee who pleads and proves that her sex was a motivating factor in an *ongoing* adverse personnel action" (emphasis added), Wolfe did not plead and prove such action here. As a result, the State argues, Wolfe's declaratory and injunctive relief awards did not justify an award of attorney's fees.

We find these arguments unpersuasive. First, Labor Code section 21.125(b) explicitly permits attorney's fees awards when discrimination is found, even if the respondent would have taken the same action absent discriminatory motivation. *See* Tex. Lab. Code § 21.125(b). The statute permits attorney's fees in such situations even though it explicitly prohibits damages in them. *See id*. In other words, according to the statute's plain terms, the propriety of an attorney's fee award is not undermined when a jury (1) finds that the State would have taken the same action absent discriminatory motivation and (2) awards no damages.

Second, the State cites no supporting authority for its contention that declaratory and injunctive relief could only be meaningful for an employee who suffered ongoing adverse personnel actions.

Third, Texas Supreme Court precedent clearly contradicts the State's argument that a "prospective injunction alone" might not justify an award of attorney's fees. *See Southwestern Bell Mobile Sys., Inc. v. Franco*, 971 S.W.2d 52, 56 (Tex. 1998) (award of attorney's fees is proper under

18

Tex. Lab. Code § 21.259 if plaintiff obtains any equitable relief); *see also Cadenhead*, 135 S.W.3d at 861 (*Franco* governs award of attorney's fees regardless of "whether [the plaintiff] is seeking attorney's fees under [Labor Code] *section 21.259* or *section 21.125*.") (emphasis added).

Finally, we note that the cases interpreting section 21.125's federal counterpart, 42 U.S.C.A. § 2000e-5 (West 2003),[10] suggest that attorney's fees should routinely be awarded to plaintiffs who obtain injunctive relief. *See, e.g.*, *Dean v. Riser*, 240 F.3d 505, 507-08 (5th Cir. 2001); *Walker v. Anderson Elec. Connectors*, 944 F.2d 841, 845-46 (11th Cir. 1991).

For all these reasons, we conclude that an award of attorney's fees was proper—i.e., was not an abuse of discretion—under Labor Code section 21.125 because Wolfe obtained equitable relief in the form of an injunction. We overrule the State's third issue.

## CONCLUSION

The State has failed to demonstrate that the trial court abused its discretion by (1) admitting Wolfe's EEOC determination letter into evidence or (2) awarding Wolfe declaratory and injunctive relief and attorney's fees. We therefore affirm the judgment.

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed:   July 14, 2010

_____

[10] *See Toennies*, 47 S.W.3d at 476 (Tex. Lab. Code § 21.125(b) is "nearly identical" to 42 U.S.C. § 2000e-5(g)(2)(B)).

19