**BURGMANN SEALS AMERICA, INC., Appellant**

v.

**Jim CADENHEAD, Appellee.**

No. 01–02–00293–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 19, 2004.

Augustus T. White, Chamberlain, Hrdlicka, White, Williams & Martin, Houston, TX, for Appellant.

Mark Siurek, Warren & Siurek, L.L.P., Houston, TX, for Appellee.

Panel consists of Justices NUCHIA, ALCALA, and HANKS.

## OPINION

SAM NUCHIA, Justice.

Burgmann Seals America, Inc. (BSA), appellant and defendant below, appeals a judgment awarding $100,500 in attorney's fees and $13,275 in expert fees to appellee, Jim Cadenhead, in his employment discrimination lawsuit.[1] We reverse and render.

---

1. BSA does not appeal the award of $6,923.08 as breach-of-contract damages.

## BACKGROUND

BSA is a wholly owned subsidiary of Burgmann Dichtungswerke GmbH & Co., a German corporation. On October 1, 1995, BSA hired Cadenhead as its national sales manager. In early 1999, when the president of BSA was terminated, Cadenhead sought the vacant position. Tom Haan was named as the new president, and, on August 17, 1999, Haan terminated Cadenhead. Cadenhead filed an age-discrimination complaint with the Equal Employment Opportunity Commission (EEOC) and, on his application, checked the box requesting simultaneous filing with the Texas Commission on Human Rights (TCHR). On June 16, 2000, more than 180 days after filing his complaint with the EEOC, and not having heard from the TCHR, Cadenhead sued BSA in the court below, claiming that BSA violated the Texas Commission on Human Rights Act (TCHRA) by discriminating against him because of his age in failing to promote him to the position of president and in discharging him. Cadenhead also asserted that BSA had breached its contract with him by failing to give him a 60-day notice before discharging him and by failing to pay him part of his commission.

The case was tried to a jury, which found that (1) age was a motivating factor in BSA's decision not to promote Cadenhead; (2) BSA would have taken the same action of not promoting Cadenhead in the absence of the impermissible discrimination; (3) Cadenhead suffered no damages as a result of BSA's conduct; (4) BSA engaged in a discriminatory practice with malice or reckless indifference to Cadenhead's rights; (5) age was not a motivating factor in BSA's decision to discharge Cadenhead; (6) $450,000 should be assessed against BSA as exemplary damages to Cadenhead for BSA's discriminatory practice with malice; (7) BSA failed to comply with the terms of the employment agreement with Cadenhead; (8) $6,923.08 would compensate Cadenhead for his breach-of-contract damages; and (9) $112,500 was a reasonable fee for Cadenhead's attorney. The trial court disregarded the exemplary-damages finding and, in the final judgment, awarded Cadenhead $6,923.08 as damages for breach of contract, $13,275 for expert fees, and $100,500 for attorney's fees. BSA presents 11 issues challenging the trial court's subject matter jurisdiction under the TCHRA, appealing the award of attorney's fees and expert fees, and challenging the trial court's findings of fact and conclusions of law that are related to Cadenhead's status as prevailing party, the award of attorney's fees, and the award of expert fees.[2]

## DISCUSSION

### Standard of Review

The appellant must challenge the sufficiency of the trial court's findings in its

---

**2.** Although this was a jury trial, BSA was entitled to findings and conclusions on those issues for which the trial court acted as the fact finder. Section 21.259 of the Labor Code provides:

> (a) In a proceeding under this chapter, a court may allow the prevailing party, other than the commission, a reasonable attorney's fee as part of the costs.
>
> . . . .
>
> (c) In awarding costs and attorney's fees in an action or a proceeding under this chapter, the court, in its discretion, may include reasonable expert fees.

TEX. LAB.CODE ANN. §§ 21.259 (Vernon 1996). Thus, the trial court is the fact finder with regard to reasonable attorney's fees and expert fees.

After filing its brief on appeal, BSA complained about the trial court's failure to file findings of fact and conclusions of law in spite of BSA's timely request and reminder. This Court abated the appeal to permit the trial court to make findings and conclusions and granted time for the parties to file supplemental briefs. In this opinion, for clarity, we will refer to appellant's issues and supplemental issues.

issues on appeal or the findings are binding on the appellate court. *IKB Indus. (Nigeria) Ltd. v. Pro–Line Corp.*, 938 S.W.2d 440, 445 (Tex.1997). If the appellant challenges the findings in its issues, the appellate court will review the legal and factual sufficiency of the evidence to support the findings in the same manner it reviews a jury's findings in a jury trial. *Escobar v. Escobar*, 728 S.W.2d 474, 475 (Tex.App.-San Antonio 1987, no writ); *State Bar of Texas v. Roberts*, 723 S.W.2d 233, 235 (Tex.App.-Houston [1st Dist.] 1986, no writ). In reviewing the legal sufficiency of the evidence, the court can consider only the evidence and inferences that tend to support the finding, and must disregard all evidence and inferences to the contrary. *Weirich v. Weirich*, 833 S.W.2d 942, 945 (Tex.1992). In reviewing the factual sufficiency of the evidence, the court must consider all evidence in the record, both in support of, and contrary to, the finding. *Lofton v. Texas Brine Corp.*, 720 S.W.2d 804, 805 (Tex.1986).

A trial court's conclusions of law are reviewed de novo. *Nelkin v. Panzer*, 833 S.W.2d 267, 268 (Tex.App.-Houston [1st Dist.] 1992, writ dism'd w.o.j.).

### Subject–Matter Jurisdiction

■ In its first supplemental issue, BSA contends that the trial court lacked subject-matter jurisdiction to hear Cadenhead's claims under the TCHRA because he did not exhaust his administrative remedies. BSA cites *Smith v. University of Texas Southwestern Medical Center* to support its contention that merely filing a complaint with the EEOC is not sufficient to exhaust the administrative remedies under the TCHRA. *See* 101 S.W.3d 185 (Tex.App.-Dallas 2003, no pet.). In *Smith*, the plaintiff reported her charge of discrimination to the EEOC, but did not check the box for simultaneous filing with the TCHR. *Id.* at 188.

■ Unlike the plaintiff in *Smith*, Cadenhead did not *merely* file his complaint with the EEOC. On his charge form, Cadenhead inserted "Texas Commission on Human Rights" as the state agency and checked the box that stated, "I want this charge filed with both the EEOC and the State or local Agency, if any." We hold that providing the name of the TCHR and checking the box for simultaneous filing is the equivalent of filing with the TCHR.[3]

BSA further argues that it is TCHR's receipt and investigation of the complaint that fulfills the exhaustion requirement and that Cadenhead has not shown that TCHR had addressed his complaint. BSA does not support its argument with any case law.

■ The Fourteenth Court of Appeals, in analyzing sections 21.201, 21.202, 21.208, and 21.256 of the Labor Code, has determined, "To comply with the exhaustion requirement under the [TCHRA], an aggrieved employee must do the following: (1) file with the Texas Commission on Human Rights ...; (2) allow the Commission 180 days to dismiss or resolve the complaint before filing suit; and (3) file suit in district court no later than two years after the complaint is filed with the Commission." *City of Houston v. Fletcher*, 63 S.W.3d 920, 922 (Tex.App.-Houston [14th Dist.] 2002, no pet.). The court concluded that a complainant's exhaustion of remedies in a discrimination complaint occurs when the complainant files a timely charge with TCHR and waits 181 days to file suit. *Id.* We agree with our sister court.

---

3. Our holding is supported by *Vielma v. Eureka Company*, in which the United States Court of Appeals for the Fifth Circuit explained the 1998 Worksharing Agreement between the EEOC and state agencies as "each designat[ing] the other as its agent for the purpose of receiving and drafting charges." 218 F.3d 458, 462 (5th Cir.2000).

In this case, Cadenhead's filing with the EEOC and checking the box for simultaneous filing with the TCHR were sufficient to file his complaint with the TCHR. He was entitled to file suit 181 days after filing his complaint with the TCHR and was required to file suit within two years. Cadenhead had exhausted his remedies, and the trial court had jurisdiction to hear Cadenhead's claims under the TCHRA. Accordingly, we overrule BSA's first supplemental issue.

## Prevailing Party

■ In its first issue, BSA contends, among other things, that Cadenhead did not show his entitlement to attorney's fees under sections 21.259(a) and 21.125(b) of the Texas Labor Code. In its third supplemental issue, BSA contends that the trial court erred in finding that Cadenhead was a prevailing party and challenges findings of fact 8 through 11 and conclusions of law 2 through 5, 7 through 9, and 11.[4] BSA argues that Cadenhead was not the prevailing party and was not entitled to attorney's fees because he was not awarded any actual damages as a result of his age-discrimination claims and was not awarded any non-monetary relief, such as reinstatement or an injunction. As support for its position, BSA relies on *Farrar v. Hobby*, 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992).

Cadenhead responds that, to be a prevailing party, it was not necessary to establish that he benefitted directly as a result of the lawsuit. He argues that he need only show that he succeeded on a significant issue in the litigation, which achieved some of the benefit that the parties sought in bringing the suit, citing *E.E.O.C. v. Clear Lake Dodge*, 60 F.3d 1146, 1153 (5th Cir.1995). Cadenhead contends that he met his burden to show that he succeeded on a significant issue based on the jury findings that age was a motivating factor in BSA's decision not to promote him and that the discrimination was with malice or reckless indifference to his rights and the jury award of $450,000 in exemplary damages.

Cadenhead's argument is contrary to the Supreme Court's holding in *Farrar*. There, the Court reaffirmed that "a plaintiff [must] receive at least some relief on the merits of his claim before he can be

---

**4.** Findings of fact 8 through 11 are actually conclusions of law and are identical to conclusions of law 2 through 5, which state as follows:

2. Cadenhead was the prevailing party in the Lawsuit based on the verdict rendered by the jury in the Lawsuit.

3. Cadenhead was the prevailing party in the Lawsuit as the jury found that age was a motivating factor in the Company's decision not to promote Cadenhead.

4. Cadenhead was the prevailing party in the Lawsuit as the jury found that the Company violated Section 21.051 of the Texas Labor Code.

5. Cadenhead was the prevailing party in the Lawsuit as the jury found an unlawful employment practice was demonstrated by Cadenhead in violation of Section 21.125 of the Texas Labor Code.

Conclusions of law 7 and 8 are merely statements of procedural facts that state as follows:

7. Under Chapter 21 of the Texas Labor Code, the Court used its discretion and awarded Cadenhead, as the prevailing party, a reasonable attorneys' fee as part of the cost.

8. Under Chapter 21 of the Texas Labor Code, the Court used its discretion and awarded the prevailing party reasonable expert fees.

Conclusions of law 9 and 11 state as follows:

9. An unlawful employment practice was established by Cadenhead because he proved that age was a motivating factor for an employment practice, even if other factors also motivated the practice.

11. Cadenhead was a prevailing party because he succeeded on a significant issue in litigation which achieved some of the benefit the parties sought in bringing suit.

said to prevail." *Farrar,* 506 U.S. at 110, 113 S.Ct. at 572 (quoting *Hewitt v. Helms,* 482 U.S. 755, 760, 107 S.Ct. 2672, 2675–76, 96 L.Ed.2d 654 (1987)). The Court reasoned that "a judicial pronouncement that the defendant has violated the Constitution, unaccompanied by an enforceable judgment on the merits, does not render the plaintiff a prevailing party. Of itself, 'the moral satisfaction [that] results from any favorable statement of law' cannot bestow prevailing party status." *Id.,* 506 U.S. at 112, 113 S.Ct. at 573–74 (quoting *Hewitt,* 482 U.S. at 762, 107 S.Ct. at 2676). The Court held that a plaintiff who recovers only nominal damages is a prevailing party. *Id.,* 506 U.S. at 112, 113 S.Ct. at 573. However, the Court also stated, "When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." *Id.,* 506 U.S. at 115, 113 S.Ct. at 575. In *Farrar,* the trial court awarded one dollar as nominal damages. The Supreme Court held that the court of appeals had correctly reversed the trial court's award of attorney's fees. *Id.,* 506 U.S. at 116, 113 S.Ct. at 575.

Cadenhead argues that, under *Farrar,* the prevailing party inquiry does not turn on the magnitude of the relief obtained. *See id.,* 506 U.S. at 114, 113 S.Ct. at 574. However, under *Farrar,* a party must receive some relief to be a prevailing party. *Id.,* 506 U.S. at 111, 113 S.Ct. at 573. *Farrar* does not support Cadenhead's argument because Cadenhead obtained no relief at all against BSA.[5]

Likewise, *Clear Lake Dodge* does not support Cadenhead's argument. In *Clear Lake Dodge,* the EEOC filed suit in federal court against Clear Lake Dodge, alleging sex discrimination against the plaintiff

by terminating her employment because of pregnancy. 60 F.3d at 1149. The plaintiff, represented by a private attorney, intervened in the federal suit to assert state-law claims. *Id.* The state-law claims were tried to a jury, but the federal claims were submitted to the trial court as fact finder, although the federal issues were submitted to the jury for an advisory opinion. *Id.* The jury found for the defendant on all claims. *Id.* at 1150. The trial court rendered a take-nothing judgment in favor of Clear Lake Dodge on the state law claims. *Id.* However, the trial court disregarded the jury's advisory opinion on the federal claims and found that the plaintiff was entitled to back pay, prejudgment interest, and attorney's fees. *Id.* Because the plaintiff obtained a favorable judgment on her federal claims, the court of appeals characterized her as a "prevailing plaintiff," even though all of her state-law claims were rejected by the jury. *Id.* at 1153. The court noted that in some circumstances, a prevailing plaintiff should receive no attorney's fees at all, citing *Farrar. Id.* Because the plaintiff's private attorney brought only the state law claims, and the EEOC prosecuted the federal claims, the court reversed the trial court's award of attorney's fees as excessive. Recognizing that the plaintiff's private attorney may have assisted the prosecution of the federal claims, the court remanded the cause to the trial court for a recalculation of attorney's fees after a determination of the extent to which the private attorney's work was not redundant or unnecessary to the prosecution of the federal claims. *Id.* at 1154–55.

The facts in the present case are distinguishable from the facts in *Clear Lake Dodge.* In *Clear Lake Dodge,* although

---

**5.** Cadenhead states that he "was arguably only awarded 'nominal' damages." We presume that this is a reference to his award of $6,923.08 for breach-of-contract damages. This award was not nominal damages on his discrimination claims.

the plaintiff made no recovery for her state-law claims, she recovered back wages on her federal claims and was, therefore, a prevailing plaintiff. Her recovery of attorney's fees was to be consistent with the contribution of her attorney in the prosecution of the federal claims. In this case, Cadenhead was not awarded any relief. Therefore, Cadenhead is not in the same position as the plaintiff in *Clear Lake Dodge,* and his reliance on that case is misplaced.

In *Southwestern Bell Mobile Systems, Inc. v. Franco,* the Texas Supreme Court relied on *Farrar* in holding that the two plaintiffs, Franco and Mendez, were prevailing parties within the meaning of section 21.259. 971 S.W.2d 52, 55–56 (Tex. 1998). Both plaintiffs had filed complaints of sexual harassment and were subsequently discharged. They sued for retaliatory discharge and were awarded actual and punitive damages by the jury. *Id.* at 53. The trial court awarded both plaintiffs actual and punitive damages and attorney's fees and ordered that Franco be reinstated. *Id.* at 53–54. The court of appeals affirmed, but remanded the attorney's fees issue for proof to support the fees. *Id.* at 54. The supreme court reversed the damages awards and affirmed the judgment on Franco's reinstatement and his attorney's fees. *Id.* at 56. The court reasoned that the award of attorney's fees to Franco was not an abuse of discretion because Franco had been granted equitable relief. *Id.* However, in spite of its holding that Mendez was a prevailing party, the supreme court held that he was not entitled to attorney's fees because he had not received any meaningful relief. *Id.*

In *Franco,* the supreme court did not distinguish Mendez, who obtained no relief, from the plaintiffs in *Farrar,* who were awarded nominal damages. *Compare Farrar,* 506 U.S. at 115, 113 S.Ct. at

575, *with Franco,* 971 S.W.2d at 55–56. In *Farrar,* the court did not directly address the situation in which a plaintiff makes no recovery, but it relied extensively on its earlier opinion in *Hewitt v. Helms* in which it "addressed the peculiar-sounding question whether a party who litigates to judgment and loses on all of his claims can nonetheless be a 'prevailing party.'" *Farrar,* 506 U.S. at 109–10, 113 S.Ct. at 572 (quoting *Hewitt,* 482 U.S. at 757, 107 S.Ct. at 2674). In *Hewitt,* the Court stated, "Respect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail." 482 U.S. at 760, 107 S.Ct. at 2675–76. The Court held that Helms was not a prevailing party. *Id.,* 482 U.S. at 759–60, 107 S.Ct. at 2675–76.

The Texas Supreme Court did not explain its departure from *Farrar* in determining that Mendez was a prevailing party. However, the result regarding a plaintiff's entitlement to attorney's fees is the same whether the plaintiff who receives no relief at law or in equity is considered a prevailing party, as in the case of Mendez, or not a prevailing party, as in the case of Helms. In either situation, a plaintiff does not recover attorney's fees.

In his contention that he is a prevailing party who is entitled to attorney's fees, Cadenhead relies on the jury's findings in his favor. However, in *Franco,* the supreme court stated, "It is the judgment, not the verdict, that we must consider in determining whether attorney's fees are proper." *Franco,* 971 S.W.2d at 56. Like Mendez in *Franco,* Cadenhead obtained no relief on his discrimination claims. Therefore, although he may be considered a prevailing party under *Franco,* he is not entitled to recover attorney's fees.

Under *Franco,* the controlling issue for the recovery of attorney's fees is

not whether the plaintiff is a prevailing party, but whether the judgment reflects that the plaintiff obtained meaningful relief on his claims. We find that the trial court's conclusions of law in its "findings of fact" 8 through 11 and its conclusions of law 2 through 5, 9, and 11 are immaterial because their conclusion regarding Cadenhead's status as a prevailing party, standing alone, is irrelevant, under *Franco*, to the issue of attorney's fees. In addition, the trial court's "conclusions of law" 7 and 8 are immaterial because they are neither findings of fact nor conclusions of law, but are procedural facts reflecting the actions of the trial court.

Cadenhead argues that he is entitled to attorney's fees under sections 21.259 and 21.125 of the Labor Code. Section 21.125 provides as follows:

> (a) Except as otherwise provided by this chapter, an unlawful employment practice is established when the complainant demonstrates that race, color, sex, national origin, religion, age, or disability was a motivating factor for an employment practice, even if other factors also motivated the practice, unless race, color, sex, national origin, religion, age, or disability is combined with objective job-related factors to attain diversity in the employer's work force.

> (b) In a complaint in which a complainant proves a violation under Subsection (a) and a respondent demonstrates that the respondent would have taken the same action in the absence of the impermissible motivating factor, the court may grant declaratory relief, injunctive relief except as otherwise provided by this subsection, and attorney's fees and costs demonstrated to be directly attributable only to the pursuit of a complaint under Subsection (a), but may not award damages or issue an order requiring an admission, reinstatement, hiring, promotion, or back pay.

Tex. Lab.Code Ann. § 21.125 (Vernon Supp.2004). Section 21.259(a) provides as follows:

> (a) In a proceeding under this chapter, a court may allow the prevailing party, other than the commission, a reasonable attorney's fee as part of the costs.

Tex. Lab.Code Ann. § 21.259(a) (Vernon 1996).

Section 21.259(a) provides attorney's fees for a prevailing party. Under section 21.125(b), when a defendant demonstrates that it had a permissible as well as an impermissible motive for its action, a court may not award damages or other specified relief, but may award declaratory relief, limited injunctive relief, and attorney's fees. Although Cadenhead is deemed a prevailing party under *Franco*, the effect of *Franco*, as we have already stated, is to deny Cadenhead attorney's fees. This is true whether Cadenhead is seeking attorney's fees under section 21.259 or section 21.125.

We sustain that portion of BSA's first issue challenging Cadenhead's recovery of attorney's fees under sections 21.259 and 21.125. Because we must follow the Texas Supreme Court's ruling in *Franco*, we hold that Cadenhead is a prevailing party who is not entitled to attorney's fees. Accordingly, we overrule BSA's third supplemental issue.

Because we have determined that Cadenhead is not entitled to recover attorney's fees for his age-discrimination suit, we need not reach the remaining portion of BSA's first issue, issues two and four, and supplemental issues four and five, all of which relate to the award of attorney's fees.

### Expert Fees

■ In its third issue and sixth supplemental issue, BSA contends that the trial

court improperly awarded expert fees and challenges findings of fact 37, 39, and 40 and conclusions of law 15 and 16.[6] BSA argues that Cadenhead's expert, Warren Cole, testified regarding Cadenhead's claim for damages resulting from Cadenhead's alleged unlawful discharge only and that, because the jury found that age was not a motivating factor in Cadenhead's discharge, expert fees were improperly awarded for Cole's testimony.

Cadenhead responds that, under section 21.125(b), the award of expert fees is within the discretion of the trial court, that section 21.125(b) permits the recovery of expert fees in a case such as this, and that the trial court did not abuse its discretion in its award.[7] Cadenhead relies on sections 21.125(b) and 21.259(c) and argues that the trial court did not abuse its discretion in awarding the fees.

There are no Texas cases construing sections 21.125(b) and 21.259(c) as they relate to the award of expert fees when the plaintiff obtains no meaningful relief by his suit. BSA directs us to *Snell v. Reno Hilton Resort,* 930 F.Supp. 1428 (D.Nev. 1996), to support its contention that Cadenhead is not entitled to expert fees. In *Snell,* the jury found that the defendant discriminated against Snell, but also found that the adverse employment action would have occurred even without the impermissible discrimination. *Id.* at 1431. The district court did not award expert fees, finding "it inappropriate to tax to defendant fees for experts who testified" on those issues on which the plaintiff did not prevail. *Id.* at 1434.

We agree that fees for experts who testify only on issues on which the plaintiff does not prevail should not be taxed against the defendant. We hold that the trial court abused its discretion in awarding expert fees to Cadenhead.

We sustain BSA's third issue and sixth supplemental issue.

### Discriminatory Conduct

In supplemental issue seven, BSA contends that the trial court's finding of fact number seven "is an incorrect statement of law and/or fact." In that finding, the trial court stated as follows:

> The jury awarded exemplary damages in the amount of $450,000.00 to Cadenhead because the Company engaged in discriminatory conduct with malice or reckless indifference to Cadenhead's rights in connection with its failure to promote Cadenhead because of his age (Jury Question # 7).

We need not consider this issue because the trial court's statement in "finding of fact" number seven is irrelevant in light of the fact that the jury's finding of $450,000 in exemplary damages was disregarded by the trial court.

We overrule BSA's seventh supplemental issue.

---

6. The challenged findings of fact are as follows:

> 37. The opinions offered by Cole were reliable.
> 39. The amount of $13,275.00 for expert fees was reasonable.
> 40. The employment of Cole as an expert witness by Cadenhead was necessary.

The challenged conclusions of law are:

> 15. The opinions offered by Warren Cole, Cadenhead's expert witness, were reliable.
> 16. The amount of $13,275.00 for expert fees was reasonable.

7. Cadenhead contends that BSA agreed to the amount of the expert fees in a telephonic post-verdict hearing. Any such hearing is outside the record and cannot be considered by this Court.

**Identification of Findings and Conclusions**

In its second supplemental issue, BSA complains that the trial court did not correctly identify the specific findings of fact and conclusions of law. Because of our disposition of BSA's first and third issues and sixth supplemental issue, we need not reach this issue.

## CONCLUSION

We reverse that portion of the judgment awarding attorney's fees in the amount of $100,500 and expert fees in the amount of $13,275 and render judgment that Cadenhead take nothing against BSA in attorney's fees and expert fees. The portion of the judgment awarding damages for failure to comply with the terms of the employment agreement, prejudgment interest, and postjudgment interest remains unchanged.[8]

---

**8.** We are aware that Cadenhead was entitled to reasonable attorney's fees on his successful breach-of-contract claim. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 38.001 (Vernon 1997). However, the findings of fact and conclusions of law make it clear that the award of attorney's fees was based only on the discrimination claim, and Cadenhead has not brought forward a complaint that he was not awarded attorney's fees for the breach-of-contract claim.