# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 17, 2011

No. 10-50458

Lyle W. Cayce
Clerk

ROBERT J. KLEBE,

Plaintiff - Appellee - Cross-Appellant

v.

UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT SAN ANTONIO,

Defendant - Appellant - Cross-Appellee

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:08-CV-91

Before JOLLY and HAYNES, Circuit Judges, and RODRIGUEZ[*], District Judge.

PER CURIAM:[**]

After carefully studying the parties' briefs, hearing oral argument, and probing the record at great length, we AFFIRM the judgment of the trial court in every respect, except for its award of $4,000 in expert fees to Dr. Robert Klebe ("Klebe"), which we REVERSE AND VACATE for the following reasons.

---

[*] District Judge of the Western District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50458

1. The University of Texas Health Science Center at San Antonio's (the "University") argument that Klebe failed to establish an adverse employment action has not been preserved. The trial court instructed the jury that, "you are further instructed that Dr. Klebe experienced an adverse employment action when he received a 'needs improvement' rating from the [Post Tenure Evaluation Committees] in 2006 and 2008, and that failure to provide a salary increase would also qualify as an adverse employment action." The University failed to object to the instruction and did not submit an alternate jury instruction.

2. We hold that the evidence is sufficient to support the jury's finding of a causal link between the protected activity and the retaliatory, adverse employment action. The record shows the following evidence: (1) manipulation of the PTEC committee; (2) coincidental timing of the negative evaluations, when Klebe only received negative evaluations after he filed the lawsuit; (3) Dr. Walter's animus toward Klebe after he filed the age discrimination claim; and (4) Klebe received two out of three negative evaluations of over 500 evaluations conducted by PTECs across the University of Texas system. Furthermore, the record indicates that all of Klebe's 2006 reviewers – including the final reviewer, President Cigarroa – knew or should have known of Klebe's age discrimination claim and lawsuit. Taken in its entirety, this evidence suggests that, at the very least, there is adequate evidence for a reasonable jury to conclude that the filing of the discrimination charges and the lawsuit had a causal connection with the negative evaluations.

3. With respect to the second trial, which was limited to damages, we hold that there is sufficient evidence to support the jury's award for mental anguish damages, including Klebe's testimony relating his alcohol abuse, physical symptoms, and mental suffering that resulted from the University's retaliation. We further note that each of the juries submitted high damages awards,

2

No. 10-50458

significantly above the damages awarded after the district court applied the statutory cap. This conclusion of two different juries in evaluating the mental anguish resulting from the University's conduct merits some respect for the view that the district court did not err in granting the maximum statutory award.

4. We furthermore affirm the denial of the University's motions for mistrial. After reviewing the relevant trial transcript, we find that the district court took appropriate action to counteract Klebe's inappropriate remarks.

5. The University also appeals the lower court's award of attorney's fees and expenses as well as the award of expert fees.

The University argues that Klebe's attorney's fees and expenses are excessive because: (1) Klebe prevailed on only one of several causes of action he brought against the University; (2) Klebe's counsel did not segregate the work he did on the retaliation claim from the work he did on other aspects of the case; and (3) Klebe's counsel provided minimal billing notation about the tasks he was performing. The trial court addressed each of these arguments in its opinions and downwardly adjusted Klebe's counsel's fees.

We also affirm the $10,947.27 in expenses that the trial court granted Klebe. The University contends that Texas law does not allow for expenses. The trial court correctly held that, when a legislature expressly enacts a law to correlate with federal law, courts should look to analogous federal precedent for guidance when interpreting the Texas Act. *Rodriguez v. Conagra Grocery Prods. Co.*, 436 F.3d 468, 473 (5th Cir. 2006).

The trial court additionally awarded Klebe $4,000 for expert fees related to testimony that the University retaliated by keeping Klebe's salary constant. The jury, however, found the University would have kept Klebe's salary constant absent a retaliatory motive, and therefore provided no damages for this claim. Klebe has not appealed this jury finding. Thus, Klebe is not the prevailing party on this claim. *Intercontinental Group Partnership v. KB Home Lone Star L.P.,*

No. 10-50458

295 S.W.3d 650, 656 n.27 (Tex. 2009).  We therefore hold that the award of $4,000 in expert fees to Klebe was error and accordingly reverse.  *Burgmann Seals Am. Inc. v. Cadenhead,* 135 S.W.3d 854, 862 (Tex. App. 2004).

6.  With respect to Klebe's cross-appeal challenging reduction of his attorney's fees and expenses and the reduction of the damages award by applying the statutory cap, we also affirm.

Retaliation and discrimination claims are separate claims depending on different theories and different facts – a plaintiff could successfully pursue one or the other without needing to prove the validity of the other.  Indeed, as demonstrated here, a party will often be a losing party on one claim and the prevailing party on the other, and attorney's fees are awarded only to the prevailing party. We hold that the trial court did not abuse its discretion by separating losing claims from prevailing claims for the purpose of calculating attorney's fees.[1]

Klebe further argues that the trial court erred by applying a damages cap to reduce the jury's damages award.  He contends that the University failed to plead that the cap should apply.  The University conceded, however, that it had more than five hundred employees and, consequently, it was not necessary for it to plead anything to receive the benefit of the statutory cap.  *Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 602, 610 n.7 (5th Cir. 2010); *Edwards v. Aaron Rents, Inc.*, 482 F. Supp. 2d 803, 818 (W.D. Tex. 2006).

---

[1] Klebe raises two additional arguments, which are likewise meritless.  He first argues that the trial court erred by declining to accept his counsel's opinion of the percentage of work performed for the retaliation claim.  The trial court did consider Klebe's counsel's opinion, R. at 3882-84, but found it inappropriate because it included unrelated claims. Second, Klebe contends that the trial court departed downward from his attorney's customary hourly rate of $300 to an effective hourly rate of $80.66.  The trial court explicitly applied a $300 an hour rate *to the hours it allowed*.

No. 10-50458

Thus, in summary: (1) Klebe satisfactorily established the elements of retaliation; (2) there is sufficient evidence to support the mental anguish award; (3) the trial court properly denied the University's motions for mistrial; (4) the trial court did not err in its award of attorney's fees and expenses; (5) the trial court erred in its award of expert fees, and (6) the trial court did not err in applying the statutory cap to Klebe's mental anguish damages.

The judgment is AFFIRMED in all respects, with the exception of the $4,000 in expert fees awarded to Klebe, which we REVERSE, and VACATE. Accordingly, we REMAND for entry of judgment in accordance with this opinion.

AFFIRMED in part, REVERSED and VACATED in part, and
REMANDED for entry of judgment.