**REVISED NOVEMBER 17, 2015**
**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 14-10249

DAVID O. PETERSON,

Plaintiff - Appellee

v.

BELL HELICOPTER TEXTRON, INCORPORATED,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before JONES and HAYNES, Circuit Judges, and CRONE[*], District Judge.
PER CURIAM:

Treating the petition for rehearing en banc as a petition for panel rehearing, the petition for panel rehearing is DENIED, but the panel substitutes the attached opinion modified only as to Part IV. The court having been polled on the attached substituted opinion at the request of one of its members, and a majority of the judges who are in regular active service and

---

[*] District Judge of the Eastern District of Texas, sitting by designation.

No. 14-10249

not disqualified not having voted in favor (FED. R. APP. P. 35 and 5TH CIR. R. 35), the petition for rehearing en banc is DENIED.

In the en banc poll, 3 judges voted in favor of rehearing (Judges Dennis, Elrod and Graves), and 12 judges voted against rehearing (Chief Judge Stewart and Judges Jolly, Davis, Jones, Smith, Clement, Prado, Owen, Southwick, Haynes, Higginson and Costa).

ENTERED FOR THE COURT:

_____

EDITH H. JONES
United States Circuit Judge

No. 14-10249

JAMES L. DENNIS, Circuit Judge, joined by GRAVES, Circuit Judge, dissenting:

I respectfully dissent from the denial of rehearing en banc. In this diversity case, the panel held that, under Texas antidiscrimination law, where a defendant employer has asserted a successful mixed-motive defense, the plaintiff employee cannot receive attorney's fees if he is not a "prevailing party," *i.e.,* if he does not also receive damages or obtain an injunction. *Peterson v. Bell Helicopter Textron, Inc.* (Revised Op.), No. 14-10249, slip op. at 13 (5th Cir. Nov. 17, 2015). This holding is in clear error; it is inconsistent with both Texas state law and our own case law.

The correct analysis of this issue is very simple. Section 21.125 of the Texas Labor Code, the state statutory provision at issue, is materially identical to the federal provision in 42 U.S.C. § 2000e-5(g)(2)(B). Federal courts have uniformly interpreted the federal provision to allow for attorney's fees in the circumstances presented here, and Texas Supreme Court precedent requires that the interpretation of the state provision be guided by the interpretation of its federal equivalent. Therefore, the state provision, like its materially identical federal counterpart, allows for attorney's fees in these circumstances. The panel erred in reaching the opposite conclusion, and its revised opinion does not salvage its faulty reasoning. Regrettably, the panel's incorrect holding will have a detrimental effect on the willingness of attorneys to take up these civil rights matters, which, in turn, will diminish the courts' ability to remedy discrimination in employment.

## I. Title VII Does Not Require Prevailing-Party Status in Order to Award Attorney's Fees in a Mixed-Motive Case.

Title VII of the Civil Rights Act of 1964, as amended, has two provisions relating to attorney's fees that are relevant to this case. First, there is a

No. 14-10249

general provision that allows the grant of attorney's fees to the "prevailing party." 42 U.S.C. § 2000e-5(k). This provision provides in pertinent part:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs.

*Id.* An extensive body of law has developed to define what constitutes a "prevailing party." Generally, to be a prevailing party, the plaintiff must recover damages, an injunction, or some other binding legal relief. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001) (award of attorney's fees only proper where there is a judicially sanctioned change in the parties' legal relationship); *Farrar v. Hobby*, 506 U.S. 103, 111 (1992) (to qualify as a prevailing party, "[t]he plaintiff must obtain an enforceable judgment . . . or comparable relief through a consent decree or settlement").

Second, there is a provision allowing for attorney's fees in mixed-motive cases, *i.e.*, where both legitimate and illegitimate reasons motivated an employer's adverse employment action. 42 U.S.C. § 2000e-5(g)(2)(B). The provision provides in pertinent part:

> On a claim in which an individual proves a violation under section 2000e-2(m)[1] of this title and a respondent demonstrates that the respondent would have taken the same action in the absence of the

---

[1] 42 U.S.C. 2000e-2(m) provides: "Except as otherwise provided in this subchapter, an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice."

4

impermissible motivating factor, the court . . . may grant . . . attorney's fees and costs demonstrated to be directly attributable only to the pursuit of a claim under section 2000e-2(m) of this title.

*Id.*

This latter provision, § 2000e-5(g)(2)(B), says nothing about a prevailing-party prerequisite to the recovery of attorney's fees. Indeed, our precedent makes clear that a plaintiff does *not* have to be a prevailing party to receive attorney's fees under § 2000e-5(g)(2)(B). *Garcia v. City of Houston*, 201 F.3d 672, 677-79 (5th Cir. 2000) (affirming award of attorney's fees where the plaintiff obtained no other meaningful relief).

Every other circuit to have addressed the question has similarly held that an attorney's fee award under § 2000e-5(g)(2)(B) does not require the plaintiff to be a prevailing party. *See, e.g.*, *Sheppard v. Riverview Nursing Ctr., Inc.*, 88 F.3d 1332, 1336 (4th Cir. 1996) ("[Section] 2000e-5(g)(2)(B) contains no prevailing party requirement."); *Akrabawi v. Carnes Co.*, 152 F.3d 688, 696 (7th Cir. 1998) ("We agree with *Sheppard's* analysis of the statute."); *Norris v. Sysco Corporation,* 191 F.3d 1043, 1050 (9th Cir. 1999) (employee may recover attorney's fees even though she had obtained no actual relief); *Gudenkauf v. Stauffer Commc'ns, Inc.*, 158 F.3d 1074, 1081 (10th Cir. 1998) (plaintiff who prevails in a mixed-motive case and obtains no meaningful relief should be awarded attorney's fees "in all but special circumstances").[2] I have not found, and the panel has not offered, any contrary authority.

---

[2] *Accord Canup v. Chipman-Union, Inc.*, 123 F.3d 1440, 1442-44 (11th Cir. 1997) (affirming district court's discretionary denial of attorney's fees based on the specific facts of the case but suggesting that prevailing-party status is not a prerequisite to receiving fees).

It is thus the law of this circuit and all the other circuits addressing the issue that when (1) an employee has proven that his employer took an adverse action against him with a discriminatory motive but (2) the employer has proven that it would have taken the same action irrespective of the discriminatory motive, then, under § 2000e-5(g)(2)(B), the employee may receive attorney's fees whether or not the employee was a prevailing party.

## II. The Texas Statutory Provisions Are Modeled after, and Their Interpretation Must be Guided By, Title VII.

The corresponding provisions of the Texas Commission on Human Rights Act are almost identical to the federal provisions discussed above. This is unsurprising given that the state statute was "patterned after" the federal one. *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 474 (Tex. 2001); *see also id*. at 482 (Hecht, J., joined by Owen, J., dissenting) ("No one questions that [the state statute] was copied from [the federal one] . . . or that the state law is to be construed consistent with federal law."); *NME Hospitals, Inc. v. Rennels*, 994 S.W.2d 142, 144 (Tex. 1999) ("The Texas Commission on Human Rights Act is modeled after federal civil rights law.").

First, corresponding to 42 U.S.C. § 2000e-5(k) is a general provision affording attorney's fees to the "prevailing party." TEX. LABOR CODE § 21.259(a). It provides in pertinent part:

> In a proceeding under this chapter, a court may allow
> the prevailing party . . . a reasonable attorney's fee as
> part of the costs.

*Id*. Second, corresponding to 42 U.S.C. § 2000e-5(g)(2)(B) is a provision affording attorney's fees (and other relief) where (1) the employee has proven that his employer took an adverse action against him with a discriminatory motive, but (2) the employer has proven that it would have taken the same

action irrespective of the discriminatory motive.  TEX. LABOR CODE § 21.125(b).

It provides in pertinent part:

> In a complaint in which a complainant proves a violation under Subsection (a)[3] and a respondent demonstrates that the respondent would have taken the same action in the absence of the impermissible motivating factor, the court may grant . . . attorney's fees and costs demonstrated to be directly attributable only to the pursuit of a complaint under Subsection (a).

*Id.*  This latter provision, section 21.125(b), just like its federal counterpart, 42 U.S.C. § 2000e-5(g)(2)(B), says nothing about a prevailing-party prerequisite to the award of attorney's fees.

Not only is the text of the state statutory provisions materially identical to that of the federal ones, the Texas Supreme Court has repeatedly emphasized the special role that federal law has in guiding the interpretation of the state provisions.  *See, e.g.*, *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 633-34 (Tex. 2012) ("[W]e have consistently held that those analogous federal statutes and the cases interpreting them guide our reading of the TCHRA."); *NME Hospitals, Inc.*, 994 S.W.2d at 144 ("[W]e look to analogous federal precedent for guidance when interpreting the Texas Act."); *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996) ("Because one purpose of the Commission on Human Rights Act is to bring

---

[3] Subsection (a), which corresponds to 42 U.S.C. 2000e-2(m), provides: "Except as otherwise provided by this chapter, an unlawful employment practice is established when the complainant demonstrates that race, color, sex, national origin, religion, age, or disability was a motivating factor for an employment practice, even if other factors also motivated the practice."

No. 14-10249

Texas law in line with federal laws addressing discrimination, federal case law may be cited as authority."). And this court has taken notice of the Texas Supreme Court's practice of construing the state statute consistently with its federal counterpart. *See, e.g.*, *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 439 (5th Cir. 2012) (citing *Mission Consol. Indep. Sch. Dist.*, 372 S.W.3d at 634).

In this case, the panel's "primary obligation [was] to make an *Erie* guess as to how the Texas Supreme Court would decide the [attorney's fees] question." *Gilbane Bldg. Co. v. Admiral Ins. Co.*, 664 F.3d 589, 593 (5th Cir. 2011). But it is clear that the Texas Supreme Court looks to federal law for guidance on this issue. Accordingly, our holding in *Garcia*–and the holdings of all other circuits to address this issue–that an employee need not be a prevailing party and need not obtain meaningful relief in order to receive attorney's fees should have guided the panel's interpretation of the Texas statute.

### III. The Panel's Analysis of the State Statutory Provisions Is Severely Flawed.

The panel's revised opinion attempts to justify its erroneous conclusion that section 21.125(b) includes a prevailing-party, or meaning-relief, prerequisite to obtaining attorney's fees by citing section 21.259, the general provision affording attorney's fees to the "prevailing party," and section 311.026 of the Texas Government Code, which provides that conflicting statutory provisions should be construed so effect is given to each, if possible. *See* Revised Op. at 11. The panel also points to the facts that sections 21.125 and 21.259 are located in different subchapters of the same chapter and that section 21.259 refers to proceedings "under this chapter." *See* Revised Op. at 11. The panel's analysis is misguided.

8

Section 311.026 of the Texas Government Code applies only where "a general provision conflicts with a special or local provision." But there is absolutely no conflict between sections 21.125(b) and 21.259. As I explained above, section 21.259 allows courts to award attorney's fees to prevailing parties and section 21.125(b) allows courts to award attorney's fees to employees where the employer successfully asserts a mixed-motive defense. These provisions are distinct and complementary; rather than conflict, they supplement each other.

Moreover, the panel fails to explain how the Texas statutory provisions and rules of construction are any different from their corresponding federal counterparts. Indeed, there is no difference. For starters, virtually identical to the rule in section 311.026 of the Texas Government Code, it is an established rule of federal law that "every part of a statute must be construed in connection with the whole, so as to make all the parts harmonize, if possible, and give meaning to each." *Washington Mkt. Co. v. Hoffman*, 101 U.S. 112, 116 (1879); *see also United States v. Williams*, 400 F.3d 277, 281 n.2 (5th Cir. 2005) ("[E]ach part or section of a statute should be construed in connection with every other part or section to produce a harmonious whole."). When the same rules of construction are applied to the same text, they should lead to the same result.

The panel's reliance on the relative location and scope of the Texas provisions is truly puzzling. Even closer together than the Texas provisions, which are located in the same chapter, the federal 42 U.S.C. §§ 2000e-5(k) and 2000e-5(g)(2)(B) are contained in the same *section*. Much like the state provision, section 21.259, the federal counterpart refers to proceedings "under this subchapter." 42 U.S.C. §§ 2000e-5(k). "[T]his subchapter," of course, includes 42 U.S.C. § 2000e-5(g)(2)(B).

No. 14-10249

How are the Texas provisions any different from the federal ones, then? They are not.  The panel is simply dissatisfied with the federal courts' holdings that prevailing-party status is not a prerequisite to an award of attorney's fees in appropriate mixed-motive cases.  The panel cannot overturn our holding in *Garcia*, and so it attempts to do in state law what it cannot do in federal law. But not only is *Garcia*'s holding correct, as are the holdings of every other circuit to address this issue, the Texas Supreme Court also looks to such holdings as authority in determining Texas state law.  There is every reason to believe that the Texas Supreme Court would be persuaded by the consistent holdings of the federal circuits, rather than by the incorrect analysis of the state's provisions employed by the panel.

## IV. The Panel's Holding Relies on a Single State Appellate Court Case, Which Lacks Any Analysis and Cites No Authority on This Issue.

The panel opinion cites *Burgmann Seals America, Inc. v. Cadenhead*, 135 S.W.3d 854, 858 (Tex. App. 2004), as support for its conclusion that prevailing-party status is a prerequisite to an award of attorney's fees under section 21.125(b) of the Texas Labor Code.  But *Cadenhead* is a broken reed.

According to the panel, *Cadenhead* held that allowing a plaintiff who was not awarded monetary damages or other relief to recover fees under § 21.125 was "contrary to the Supreme Court's holding in *Farrar*."[4]  Revised Op. at 12 (quoting *Cadenhead*, 135 S.W.3d at 858).  We already know that *Cadenhead*'s holding is wrong, however.  *Farrar* dealt with Title VII's general prevailing-party provision, 42 U.S.C. § 1988; it has absolutely no bearing on the issue of

---

[4] Although *Cadenhead* distinguished between prevailing-party status and obtaining meaningful relief, *see* 135 S.W.3d at 860, the Texas Supreme Court subsequently made clear that "a plaintiff must receive affirmative judicial relief to be considered a prevailing party," *Intercontinental Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 656 n.27 (Tex. 2009).

a prevailing-party requirement in employment discrimination mixed-motive cases. *See* 506 U.S. at 105. Indeed, as I explained above, our circuit, like every other circuit to address this question post-*Farrar*, has concluded that prevailing-party status is not a prerequisite to recipt of attorney's fees in such cases. *See Garcia*, 201 F.3d at 677-79.

*Cadenhead* also relied on *Southwestern Bell Mobile Systems, Inc. v. Franco*, 971 S.W.2d 52 (Tex. 1998), a case dealing with attorney's fees under section 21.259. But like *Farrar*, this Texas Supreme Court case deals only with the general attorney's fees provision; it does not even mention section 21.125's mixed-motive attorney's fees provision. *See Franco*, 971 S.W.2d at 52-56. *Cadenhead* makes no effort to explain how *Franco*'s holding extends to section 21.125, but merely states, "This is true whether [the plaintiff] is seeking attorney's fees under section 21.259 or section 21.125." *Cadenhead*, 135 S.W.3d at 861. By its reliance on the hollow shell of *Cadenhead*'s holding, the panel appears to suggest that the Texas Supreme Court will simply consider itself bound by the intermediate appellate court in *Cadenhead*. I strongly disagree with such a suggestion.

The panel also cites *Becerra v. Mikeska Bar-B-Q, Inc.*, 2012 WL 987837 (Tex. App. Mar. 22, 2012), another case that does not deal with the relevant section 21.125, and *Texas Health and Human Services Commission v. Wolfe*, 2010 WL 2789777 (Tex. App. July 14, 2010), a memorandum opinion that cites *Cadenhead* but offers no relevant analysis. The panel does not, and cannot, point to a single case that offers any meaningful analysis of this issue and comes to the conclusion the panel has reached. Surely the Texas Supreme Court requires more than that in order to ignore both the text of section 21.125 and the numerous federal cases interpreting its federal counterpart.

The panel treats *Cadenhead* as if it were the be-all and end-all of the analysis, but in making an *Erie* guess, "this court is not bound by decisions of intermediate appellate courts if convinced by other persuasive data that the highest court of the state would decide otherwise." *Arete Partners, L.P. v. Gunnerman*, 643 F.3d 410, 418 (5th Cir. 2011) (citation and internal quotation marks omitted). In this case, the text of the Texas provision, the materially identical federal counterpart, the holdings of every circuit to address the issue, and the Texas Supreme Court's repeated emphasis of the guiding role of federal law in this context all indicate that the Texas Supreme Court would hold that there is no prevailing-party status prerequisite to obtaining attorney's fees under section 21.125(b). *Cadenhead*'s unreasoned, inexplicable holding cannot change that.

## V. The Panel's Erroneous Holding Controverts the Purpose of the State Statute and Will Lead to Serious Negative Ramifications.

The panel's holding will have a detrimental effect on the willingness of attorneys to take up employment discrimination matters; this, in turn, will diminish the courts' ability to remedy discrimination in employment. "Title VII meant to condemn even those decisions based on a mixture of legitimate and illegitimate considerations," *Price Waterhouse v. Hopkins*, 490 U.S. 228, 241 (1989), and 42 U.S.C. § 2000e-2(m) makes unlawful any employment practice for which an illegitimate consideration was a *motivating factor*.

An employer's showing that it would have made the same employment decision even in the absence of the discriminatory motive does not remedy the violation; instead, it merely limits the available remedies so that courts can deter the offending employer from future violations, while avoiding placing the employee in a better position than he would have been in but for the

No. 14-10249

illegitimate motivating factor. *See* 42 U.S.C. § 2000e-5(g)(2)(B); 1 LEX K. LARSON, EMPLOYMENT DISCRIMINATION § 8.09 (2d ed. 2006).[5]

Affording attorney's fees to a plaintiff who has proved his employer's illegal employment practice under these circumstances does just that; it deters the employer (and other employers) from future violations and does not put the plaintiff in a better position than he would have been in but for the illegitimate motive. To categorically deny such plaintiffs attorney's fees unless they also obtain some other kind of relief is to chill and deter the prosecution of illegal employment practices—by both plaintiffs and attorneys—in contravention of the state statute's purpose.

It is also abundantly clear what parties who still seek to enforce their civil rights will do, under the panel's holding. Because the panel holds that an injunction is a prerequisite to attorney's fees in these cases (*i.e.*, because the injunction renders the plaintiff a prevailing party), now, the employee will be incentivized to, and inevitably will, demand an injunction even if they do not actually want one. The employer, in turn, will be forced to defend the injunction demand and then comply with any injunction that issues. For example, should the employer be required to establish formal promotion procedures? If so, are the employer's procedures proper? Should the employer create a committee to make, or oversee, promotion decisions? When the aggrieved employee wants nothing but damages, it make little sense to require these unnecessary burdens and costs, but that would be the inevitable consequence of the panel's holding.

---

[5] As noted above, the relevant Texas statute was "patterned after" Title VII, *Quantum Chem. Corp.*, 47 S.W.3d at 474, and this explanation of Title VII's operation applies equally to the Texas provisions.

No. 14-10249

## VI.  The Panel Is Wrong to Suggest That Even If Attorney's Fees Are Allowed, Any Recovery Would Necessarily Be Minimal.

In a final attempt to salvage its misguided analysis, the panel suggests that the outcome would not change even if the panel followed this court's Title VII precedent because, the panel claims, "*Garcia . . .* actually offers little solace to Peterson." Revised Op. at 13 n.9. The panel asserts that, even under *Garcia*, the degree of the plaintiff's success has strong bearing on the recovery of attorney's fees and that "[s]ince [the plaintiff] didn't succeed here in any way, his claim to fees should be minimal." Revised Op. at 13 n.9.

This claim is plainly wrong, however, as *Garcia* itself affirmed the district court's award of $13,063 in attorney's fees and $4,917 in costs, even though the plaintiff there received no damages and was denied an injunction. *See* 201 F.3d at 675, 679. Although the degree of the plaintiff's success is certainly a factor in determining the amount of attorney's fees to award, the failure to obtain other relief does not preclude a meaningful attorney's fee award. *See id.*; *see also Gudenkauf*, 158 F.3d at 1081 (plaintiff who prevails in a mixed-motive case and obtains no meaningful relief should be awarded attorney's fees "in all but special circumstances").

## VII.  It Is Not Proper for the Court to Deny En Banc Rehearing of This Case Merely Because It Deals Primarily with State Law.

It has been suggested that rehearing this case would not be appropriate because the panel's opinion, wrong as it may be, deals with an issue of state law and does not bind state courts. It is certainly true that the state courts are free to disregard the panel's opinion. But the state court's independent ability to correct the panel's errors does not justify our decision to allow a clearly incorrect holding on an important issue of civil rights to stand.

No. 14-10249

Federal courts have a strict duty to decide cases in diversity. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996); *see also Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 31-32 (1959) (Brennan, J., dissenting) (federal courts have an "imperative duty . . . to render prompt justice in cases between citizens of different states"). To permit the panel's plainly erroneous opinion to control this issue in our circuit in reliance on the Texas Supreme Court's theoretical ability to correct it is to de facto "abdicate our mandate to decide issues of state law when sitting in diversity." *Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1248 (5th Cir. 1997). Of course, David Peterson, who has shown that his age was a motivating factor in his employer's decision to fire him, will find no solace in the state courts' ability to correct our mistakes in future cases; he has received no justice in this court, prompt or otherwise. *See Louisiana Power & Light Co.*, 360 U.S. at 31-32 (Brennan, J., dissenting).

Moreover, as I explained above, the panel makes an obvious error relating to *federal law* in stating that a plaintiff who obtains no damages and no injunction may recover only minimal attorney's fees, contrary to our holding in *Garcia*. *See* 201 F.3d at 675, 679. And the panel's distortion and misapplication, in a published opinion, of rules of statutory construction—the same rules of construction that are recognized in federal law—may lead to confusion among lower courts and affect their analysis of issues of statutory interpretation under federal law generally. Our court's decision to deny rehearing en banc ignores these errors and allows these misstatements of federal law to stand. The courts should be aware that the panel's opinion in this case is inconsistent with our prior precedent and should not be led astray by the panel's analysis. *See EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 695 (5th

15

Cir. 2014) (if prior decisions conflict, subsequent panels must adhere to the first decision).

## Conclusion

The text and purpose of the Texas statutory provisions, the federal courts' uniform interpretation of their materially identical federal counterparts—including this court's interpretation of Title VII in *Garcia*—and the special guiding role the Texas Supreme Court affords federal law in this context all demonstrate that the panel's holding is wrong. The panel does not, and cannot, offer any meaningful support for its conclusion that plaintiffs must be prevailing parties in order to obtain attorney's fees under section 21.125(b). The panel's rule, which *per se* denies attorney's fees in the relevant circumstances, will have a detrimental effect on the ability of plaintiffs to prosecute their civil rights. And, as I described above, when cases are brought, the panel's holding will result in unnecessary burdens and costs related to injunctions that nobody actually wants. We should take these harms seriously. By virtue of its decision to deny en banc rehearing of this case, the court chooses to ignore the panel's distortion of both state and federal law in a published opinion. I respectfully dissent.